**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
:
ABDELLAH BOUZZI; LUIS GUAMAN; RAUL          :
ECHEVARRIA; YOLANDA CASTRO; MARIO           :
RAMALEZ; GUBELKIS CASTRO; JAMIE             :
PAREDES; ROLANDO LIRIANO; NOE               :          Case No. 10 CV 0457
VARGARA-CAMPOS; MILDRED SANTANA;            :                 (DLI)(CLP)
and OSCAR CARRANZA, on behalf of themselves :
individually, and on behalf of all similarly situated :
employees,                                  :
:          **AMENDED COMPLAINT**
                          Plaintiffs,       :
:
        - against -                         :
:
F & J PINE RESTAURANT, LLC, d/b/a THE       :
PINE RESTAURANT GROUP and/or THE PINE       :
RESTAURANT; THE PINE RESTAURANT             :
GROUP; THE PINE RESTAURANT; 4AKIDS          :
LLC; A&C PINE PROPERTIES; F&J PINE          :
RESTAURANT; PINE RESTAURANT OF              :
QUEENS; CHARLES ROSE, in his official and   :
individual capacities; ANTHONY BASTONE, in  :
his official and individual capacities; and DOES 1-5 :
d/b/a THE PINE RESTAURANT,                   :
:
                          Defendants.        :
:
-----------------------------------------------------------------X

Plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, Mario

Ramalez, Gubelkis Castro, Jamie Paredes, Rolando Liriano, Noe Vargara-Campos, Mildred

Santana and Oscar Carranza (collectively, "Plaintiffs"), by their attorneys, Thompson Wigdor &

Gilly LLP, as and for their Amended Complaint against Defendants F & J Pine Restaurant, LLC

d/b/a The Pine Restaurant Group and/or The Pine Restaurant, The Pine Restaurant Group, The

Pine Restaurant, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant, Pine Restaurant

of Queens (collectively, "Pine Restaurant"), Charles Rose, Anthony Bastone, and Does 1-5 d/b/a

The Pine Restaurant (collectively, "Defendants"), on behalf of themselves and all other similarly situated restaurant workers currently or formerly employed by Defendants, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, Mario Ramalez, Gubelkis Castro, Jamie Paredes, Rolando Liriano, Noe Vargara-Campos, Mildred Santana, and Oscar Carranza are former employees of Pine Restaurant, a chain of restaurants operated by Defendants in New York.  Plaintiffs worked as waiters, busboys, barbacks, runners and cooks.  Pine Restaurant operates at least two restaurants in New York: one in Queens near Citi Field ("Pine Queens") and one in the Bronx near Yankees Stadium ("Pine Bronx" or "F&J Pine Restaurant").

2.      Defendants forced Plaintiffs to work shifts that lasted up to 14 hours, especially during the baseball and holiday seasons when Pine Restaurant would routinely stay open until 4:00 a.m.  In violation of state and federal labor laws, Defendants failed to pay Plaintiffs the federal and state minimum wage and overtime premiums to which they were entitled, unlawfully confiscated their tips, failed to pay Plaintiffs the spread of hours premium, and failed to compensate Plaintiffs for the purchase, cleaning, care and maintenance of uniforms they required Plaintiffs to wear while working at Pine Restaurant.  Plaintiffs now bring this action to recover the wages they earned but which Defendants failed to pay pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law § 190 et seq.

3.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Pine Restaurant pursuant to Fed. R. Civ. P. 23 and pursuant to the FLSA for those who elect to opt into this action.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims under

29 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

part of the events giving rise to the claims occurred in the Eastern District of New York and

because Defendants regularly transact business in this district, such that they are subject to

personal jurisdiction in this district.

## PARTIES

6.      Plaintiffs are residents of New York in Queens and New York Counties and are

former employees of Defendants working out of the Pine Restaurant located in Queens County.

At all relevant times, Plaintiffs have been "employees" within the meaning of the FLSA and

New York Labor Law.

7.      Each Plaintiff has consented to be a plaintiff in this action pursuant to 29 U.S.C. §

216(b).  Attached as Exhibit A are signed copies of Plaintiffs' forms consenting to be parties to

this action.

8.      Defendant F & J Pine Restaurant, LLC is an entity engaged in providing food

services under the trade names The Pine Restaurant or The Pine Restaurant Group and is jointly

operating such restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant,

The Pine Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant

and/or Pine Restaurant of Queens.  At all relevant times, it has maintained places of business at

37-10 114th Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York,

10462.  At all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and

New York Labor Law § 651.

9.      Defendant The Pine Restaurant Group is an entity engaged in providing food

services under the trade names The Pine Restaurant or The Pine Restaurant Group and is jointly

operating such restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant,

The Pine Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant

and/or Pine Restaurant of Queens.  At all relevant times, it has maintained places of business at

37-10 114th Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York,

10462.  At all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and

New York Labor Law § 651.

10.     Defendant The Pine Restaurant is an entity engaged in providing food services

under the trade names The Pine Restaurant or The Pine Restaurant Group and is jointly operating

such restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant, The Pine

Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant and/or Pine

Restaurant of Queens.  At all relevant times, it has maintained places of business at 37-10 114th

Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York, 10462.  At

all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York

Labor Law § 651.

11.     Defendant 4AKids, LLC is an entity engaged in providing food services under the

trade names The Pine Restaurant or The Pine Restaurant Group and is jointly operating such

restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant, The Pine

Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant and/or Pine

Restaurant of Queens.  At all relevant times, it has maintained places of business at 37-10 114th

Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York, 10462.  At all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

12.     Defendant A&C Pine Properties, Inc. is an entity engaged in providing food services under the trade names The Pine Restaurant or The Pine Restaurant Group and is jointly operating such restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant, The Pine Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant and/or Pine Restaurant of Queens.  At all relevant times, it has maintained places of business at 37-10 114th Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York, 10462.  At all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

13.     Defendant F & J Pine Restaurant is an entity engaged in providing food services under the trade names The Pine Restaurant or The Pine Restaurant Group and is jointly operating such restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant, The Pine Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant and/or Pine Restaurant of Queens.  At all relevant times, it has maintained places of business at 37-10 114th Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York, 10462.  At all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

14.     Defendant Pine Restaurant of Queens is an entity engaged in providing food services under the trade names The Pine Restaurant or The Pine Restaurant Group and is jointly operating such restaurants or is affiliated with F & J Pine Restaurant, LLC, The Pine Restaurant, The Pine Restaurant Group, 4AKids, LLC, A&C Pine Properties, Inc., F&J Pine Restaurant

and/or Pine Restaurant of Queens.  At all relevant times, it has maintained places of business at 37-10 114th Street, Corona, New York, 11368, and 1913 Bronxdale Avenue, Bronx, New York, 10462.  At all relevant times, it has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

15.     Upon information and belief, Defendant Charles Rose is a resident of New York, and is an owner of Pine Restaurant.  He has the power to hire and fire employees of Pine Restaurant, set their wages, work schedules and retain their records.  As such, Defendant Rose has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

16.     Upon information and belief, Defendant Anthony Bastone is a resident of New York, and is an owner of Pine Restaurant.  He has the power to hire and fire employees of Pine Restaurant, set their wages and their work schedules and retain their records.  As such, Defendant Bastone has been an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

17.     Upon information and belief, Defendants Does 1-5 are residents of New York, and are owners, operators and/or affiliated entities or individuals of Pine Restaurant.  They are employers of employees of Pine Restaurant and/or have the power to hire and fire employees of Pine Restaurant, set their wages and their work schedules and retain their records.  As such, Defendants Does 1-5 are an "employer" under the FLSA, 29 U.S.C. § 203, and New York Labor Law § 651.

18.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

## DEFENDANTS AS A SINGLE EMPLOYER OR AS JOINT EMPLOYERS

19.     At all relevant times, Defendants Pine Bronx and Pine Queens restaurants were operated as a single, integrated enterprise, or single employer, or as joint employers under the relevant statutes.

20.     Defendants Rose and Bastone personally maintained centralized control over the interrelated operations of the Pine Bronx and Pine Queens restaurants, through 4AKids, LLC and A&C Pine Properties, Inc., as well as the other Defendant entities.  They shared common ownership and financial control, principally through 4AKids, LLC and A&C Pine Properties, Inc., as well as common management and control over labor relations and personnel policies and practices, including the hiring and firing of employees at the Pine Bronx and Pine Queens locations.

21.     The Pine Bronx and Pine Queens restaurants are operationally interrelated and interdependent upon one another.

22.     Employees at both the Pine Bronx and Pine Queens were subjected to joint employment policies and practices regarding wages and hours worked.

23.     Among other evidence of Defendants' joint employer or single employer status, W-2 Wage and Tax Statements for a number of Plaintiffs employed at Pine Queens identify as their employers Defendant Bastone, who purports to be affiliated only with Pine Bronx, and A&C Properties, Inc., the incorporated name of Pine Queens, as being located at the undisputed address of Pine Bronx.

24.     Among other evidence of Defendants' joint employer or single employer status, bank records and W-3 Wage and Tax Statements for Pine Queens,  supposedly owned entirely by

A&C Properties, Inc. and unrelated to Pine Bronx, identify the Pine Bronx address as the address for A&C Properties.

25.     Among other evidence of Defendants' joint employer or single employer status, there is interchange of employees between Pine Bronx and Pine Queens such that, in addition to having all or some of the same owners and managers, employees from Pine Bronx were sent to Pine Queens to help staff special events and parties held at that location and vice versa.

26.     Among other evidence of Defendants' joint employer or single employer status,, Pine Bronx regularly supplies Pine Queens with prepared food for Thanksgiving and Christmas because the kitchen at Pine Bronx is bigger and better able to handle the demands of those events.

27.     Among other evidence of Defendants' joint employer or single employer status, Pine Bronx and Pine Queens also use the same vendors for food supplies and other business needs, including upon information and belief co-mingling vendor accounts, invoices, and related documentation

28.     Among other evidence of Defendants' joint employer or single employer status, Pine Bronx and Pine Queens use business cards and menus that are substantially the same, and Defendants Bastone and Rose's business cards both contain the same design and refer to a restaurant called "Pine Restaurant" established in 1969.

29.     Among other evidence of Defendants' joint employer or single employer status, Pine Bronx and Pine Queens restaurants share the same slogan: "Meet - Eat - Laugh Smile…."

30.     Among other evidence of Defendants' joint employer or single employer status, Employee Information Sheets received by employees when working at Pine Queens are the exact same sheet given to employees of Pine Bronx and vice versa.

31.     Defendants Bastone and Rose possess the power to mutually control the employees of both Pine Bronx and Pine Queens, and the totality of the circumstances establish that they jointly maintained operational control of both Pine Bronx and Pine Queens restaurants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiffs bring the First, Second and Third Causes of Action under the FLSA on behalf of themselves and all similarly situated persons currently or formerly employed at Pine Restaurant as a waiter, bartender, barback, busboy, runner, dishwasher, or cook and who elect to opt in to this action (the "FLSA Collective").

33.     At all relevant times, Plaintiffs and all members of the FLSA Collective were employed by Defendants as an "employee," within the meaning of the FLSA, 29 U.S.C. § 203.

34.     For all relevant times, the basic job duties and assignments of the members of the FLSA Collective were the same as or substantially similar to those of Plaintiffs.  At all relevant times, all of the members of the FLSA Collective were employed in the same job categories as Plaintiffs and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

35.     The members of the FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay the federal minimum wage, failing to pay overtime wages for hours worked in excess of 40 hours during a workweek, and unlawfully and improperly confiscating tips from Plaintiffs.  By their conduct, as set forth herein, Defendants violated, inter alia, 29 U.S.C. §§ 203(m), 206, 207(a)(1).

36.     Defendants' violations of the FLSA were willful, repeated, knowing and intentional, and significantly damaged Plaintiffs and the members of the FLSA Collective.

37.     While the exact number of members of the FLSA Collective is unknown to Plaintiffs at the present time, Plaintiffs believe there several hundred similarly situated persons who have been employed by Defendants as waiters, bartenders, barbacks, busboys, runners, dishwashers, or cooks, or any other equivalent position during the three years immediately preceding the commencement of this action.  Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Collective.

38.     An action under 29 U.S.C. § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the FLSA Collective may be relatively small, and the expense and burdens of individual litigation would make it impossible for such members of the FLSA Collective individually to redress the wrongs done to them.  Further, because of the similarity of the FLSA Collective members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendants to incompatible standards of conduct.

39.     Plaintiffs are currently unaware of the identities of all members of the FLSA Collective.  Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as a waiter, bartender, barback, busboy, runner, dishwasher, or cook, or any other equivalent position during the three years immediately preceding the commencement of this action, stating their last known addresses, telephone numbers, email addresses and Social Security numbers, so that Plaintiffs can give such members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

40.     Plaintiffs bring the Fourth through Eighth Causes of Action under New York law pursuant to Fed. R. Civ. P. 23 on behalf of all persons currently or formerly employed by Defendants as a waiter, bartender, barback, busboy, runner, dishwasher, or cook, or any other equivalent position (the "New York Class"), in the six years immediately preceding the date on which the  original Complaint was filed (the "New York Class Period").

41.     At all relevant times, the members of the New York Class were "employees" under New York Labor Law.

42.     Certification of the New York Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact which are common to Plaintiffs' claims and the claims of the New York Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class employed by Defendants generally.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations upon Defendants.  Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiffs, the members of the New York Class, and Defendants.

43.     The New York Class members are so numerous that joinder of all members is impracticable.  While the exact number of class members is unknown at this time, upon information and belief, it is sufficient to satisfy the numerosity requirement of Rule 23(a)(1) as there have been more than several hundred restaurant workers employed by Defendants in the State of New York during the New York Class Period.

44.     The claims alleged on behalf of Plaintiffs raise questions of law and fact common to the New York Class that satisfy the requirements of Rule 23(a)(2).  Among these questions are:

(a)     Whether Defendants failed to compensate Plaintiffs and the members of the New York Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in any workweek during the New York Class Period;

(b)     Whether Defendants failed to compensate Plaintiffs and the members of the New York Class at the required minimum wage for all hours worked;

(c)     Whether Defendants illegally took tips from Plaintiffs and members of the New York Class;

(d)     Whether Defendants failed to pay Plaintiffs and members of the New York Class the premium required under New York Labor Law for hours worked in excess of 10 hours per day;

(e)     Whether Defendants failed to pay Plaintiffs and members of the New York Class for their required uniforms and for the cleaning and maintenance of those uniforms; and

(f)     Whether Defendants failed in their duty to maintain complete and accurate records of the hours worked by and wages paid to Plaintiffs and members of the New York Class.

These common questions of law and fact arise from the same course of events and the same common policies, plans and practices, and each Class member will make similar legal arguments to prove Defendants' liability.

45.     Plaintiffs are members of the New York Class that they seek to represent. Plaintiffs' claims are typical of the claims of the New York Class and satisfy the requirements of Rule 23(a)(3).  The relief Plaintiffs seek for the unlawful policies, plans and practices complained of in this action are also typical of the relief which is sought on behalf of the New York Class.

46.     Plaintiffs' interests are co-extensive with those of the members of the New York Class that they seek to represent in this case.  Plaintiffs are willing and able to represent the New York Class fairly and to pursue vigorously their similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate completely the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

47.     Defendants have acted or have refused to act on grounds generally applicable to the proposed New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

48.     The injunctive and declaratory relief sought in this case are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the proposed New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

49.     The common issues of fact and law affecting Plaintiffs' claims and those of the proposed New York Class members, including, but not limited to, the common issues identified above, predominate over any issues affecting only individual claims.

50.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the members of the New York Class.  There will be no difficulty in the management of this action as a class action.

51.     The cost of proving Defendants' violations of the New York Labor Law and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the members of the New York Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal arguments to prove the Defendants' liability.

## NAMED PLAINTIFFS' FACTUAL ALLEGATIONS

52.     Plaintiffs were employed by Pine Restaurant as restaurant workers over various periods of time.  All Plaintiffs worked in one or more of the Pine restaurant locations.  Some Plaintiffs are immigrants from Morocco, Ecuador, and the Dominican Republic, and some do not speak English as their first language.

53.     Plaintiff Bouzzi was employed by Defendants as a waiter from 2004 until his employment ceased effective October 17, 2009.  His duties included taking food and drink order from customers, communicating orders to the kitchen, and serving customers.

54.     Plaintiff Yolanda Castro was employed by Defendants as a waitress until late 2008.  Her duties included taking food and drink orders from customers, communicating orders to the kitchen, and serving customers.

55.     Plaintiff Luis Guaman was employed by Defendants as a busboy, barback and runner from 2003 until his employment ceased in or around April 2009.  His duties included busing and cleaning tables and the bar and serving food and drinks.

56.     Plaintiff Raul Echevarria was employed by Defendants as a busboy, barback and runner for approximately one year.  His duties included busing and cleaning tables and the bar and serving food and drinks.

57.     Plaintiff Mario Ramalez was employed by Defendants as a cook for approximately two years until his employment ceased in or around October 2009.  His duties included kitchen preparation, preparation of foods, cooking and cleaning the kitchen.

58.     Plaintiff Gubelkis Castro was employed by Defendants as a waitress from 2003 until her employment ceased in or around September 2007.  Her duties included taking food and drink orders from customers, communicating orders to the kitchen, and serving customers.

59.     Plaintiff Jamie Paredes was employed by Defendants as a busboy and expediter for approximately one year until his employment ceased in or around February 2010.  His duties included busing and cleaning tables and the bar and assisting with expediting orders between the wait staff and kitchen.

60.     Plaintiff Rolando Liriano was employed by Defendants as a waiter for over one year until his employment ceased in or around July 2008.  His duties included taking food and drink orders from customers, communicating orders to the kitchen, and serving customers.

61.     Plaintiff Noe Vargara-Campos was employed by Defendants as a busboy, barback and runner from 2004 until his employment ceased in or around April 2009.  His duties included busing and cleaning tables and the bar and serving food and drinks.

62.     Plaintiff Mildred Santana was employed by Defendants as a waitress from 2006 until her employment ceased in or around June 2007.  Her duties included taking food and drink orders from customers, communicating orders to the kitchen, and serving customers.

63.     Plaintiff Oscar Carranza was employed by Defendants as a cook from 2009 until his employment ceased in or around May 2010.  His duties included kitchen preparation, preparation of foods, cooking and cleaning the kitchen.

64.     For all relevant times, Plaintiffs' work schedules at Pine Restaurant followed a shift system.  They worked under two main work shifts: the morning shift, which ran from approximately 6:00 a.m. to 3:00 p.m., and the night shift, which ran from approximately 3:00 p.m. to closing, usually between 1:00 a.m. and 4:00 a.m.

65.     On average, most Plaintiffs worked 11 to 12 hours or more per day, six days per week.

66.     Upon information and belief, Defendants did not and do not keep accurate records of wages or tips earned, or of hours worked by Plaintiffs and other workers at Pine Restaurant.

67.     Defendants failed to pay Plaintiffs and other workers at Pine Restaurant at the federal and New York State minimum wage rate throughout their employment and failed to pay Plaintiffs for each hour worked.  Instead, most Plaintiffs were paid a flat rate per shift of $10.00 or $20.00.

68.     Defendants regularly failed to pay Plaintiffs for each hour worked in violation of New York Labor Law.  By way of example only, when Plaintiffs or other workers at Pine Restaurant arrived late for a shift, they were denied their shift pay in its entirety.

69.     Defendants failed to pay Plaintiffs and other workers at Pine Restaurant overtime wages for hours worked in excess of 40 hours per week in violation of federal and New York State labor laws throughout Plaintiffs' employment.

70.     At all relevant times, Defendants, acting primarily through Defendants Rose and Bastone, on repeated occasions unlawfully took a portion of the total tips received when banquets or other events were held at Pine Restaurant.  These monies lawfully belonged to the restaurant workers at Pine Restaurant.

71.     Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available in limited cases under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.5 because, among other reasons, Defendants never informed Plaintiffs that they were reducing the minimum wage by a tip allowance and confiscated some or all of the tips earned by Plaintiffs and other Pine Restaurant workers.

72.     Defendants failed to pay Plaintiffs and other workers at Pine Restaurant an extra hour of pay at the minimum wage for each day that they worked in excess of 10 hours in violation of the New York Labor Law throughout Plaintiffs' employment.

73.     Defendants required Plaintiffs and other workers to wear uniforms while working at Pine Restaurant, but did not compensate them the required purchase, cleaning, care and maintenance of the uniforms.

## FIRST CAUSE OF ACTION
### (Federal Overtime Violations)

74.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

75.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all work performed in excess of 40 hours per week.

76.     Plaintiffs and the members of the FLSA Collective were not exempt from the requirement that their employer pay them overtime compensation under the FLSA, and they are entitled to be paid overtime compensation by Defendants for all overtime hours worked during the three years immediately preceding the commencement of this action.

77.     At all times during the three years immediately preceding the commencement of this action, Defendants have had a policy and practice of failing or refusing to pay Plaintiffs and the members of the FLSA Collective overtime pay for their hours worked in excess of 40 hours in a workweek.

78.     As a result of Defendants' failure to compensate Plaintiffs and the members of the FLSA Collective at a rate of one and one-half times their regular rates of pay for all work performed in excess of forty (40) hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).  Defendants' violations of the FLSA have significantly damaged Plaintiffs and the members of the FLSA Collective.

79.     The foregoing conduct of Defendants, as alleged, constitutes a willful violation within the meaning of the FLSA, 29 U.S.C. § 255(a), entitling Plaintiffs and the FLSA Collective to an award of monetary damages in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## SECOND CAUSE OF ACTION
### (Federal Minimum Wage Violations)

80.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

81.     Defendants knowingly failed to pay Plaintiffs and the members of the FLSA Collective the federally mandated minimum wage in violation of 29 U.S.C. § 206.

82.     Defendants failed to notify Plaintiffs and members of the FLSA Collective of the requirements of 29 U.S.C. § 203(m), the law regarding minimum wages and of the employer's intention to take the tip credit, *i.e.*, to include tip income when calculating wages actually paid for minimum-wage purposes, and Defendants unlawfully confiscated tips.  As a result, Defendants are not eligible for the tip credit and the tip income of Plaintiffs and members of the FLSA Collective cannot be applied to satisfy Defendants' obligation to pay the minimum wage.

83.     Defendants' failure to pay Plaintiffs and members of the FLSA Collective the minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

84.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the FLSA Collective are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## THIRD CAUSE OF ACTION
### (Federal Violations of Tip Payments)

85.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

86.     At all relevant times, Defendants demanded and received from Plaintiffs and members of the FLSA Collective a percentage of tips received by them in violation of 29 U.S.C. § 203(m).

87.     Defendants' confiscation of the tips of Plaintiffs and members of the FLSA Collective was willful within the meaning of 29 U.S.C. § 225(a).

88.     Plaintiffs and members of the FLSA Collective have been damaged in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## FOURTH CAUSE OF ACTION
### (New York Minimum Wage and Wage Payment Violations)

89.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

90.     Defendants knowingly failed to pay Plaintiffs and members of the New York Class the New York minimum wage required under N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

91.     Defendants' failure to pay Plaintiffs and members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

92.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the New York Class are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## FIFTH CAUSE OF ACTION
### (New York State Overtime Violations)

93.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

94.     Pursuant to regulations issued by the New York State Commissioner of Labor, 12 N.Y.C.R.R. § 142-2.2, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA.

95.     Pursuant to New York Labor Law § 663, an employer who fails to pay overtime shall be liable for the amount of any underpayments, attorneys' fees and costs.

96.     As a result of Defendants' failure to compensate Plaintiffs and the members of the New York Class at a rate of one and one-half times their regular rates of pay for all work performed in excess of 40 hours in a workweek, Defendants have violated 12 N.Y.C.R.R. § 142-2.2.

97.     Defendants' violations of New York law have been willful and have significantly damaged Plaintiffs and the members of the New York Class, entitling them to recover the total amount of unpaid overtime compensation in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## SIXTH CAUSE OF ACTION
### (New York State Deprivation of Tips)

98.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

99.     At all relevant times, Defendants demanded and received from Plaintiffs and members of the New York Class a percentage and/or the entirety of their tips in violation of N.Y. Lab. Law § 196-d.

100.    Defendants' confiscation of all or a portion of tips earned by Plaintiffs and members of the New York Class was willful within the meaning of N.Y. Lab. Law § 198.

101.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the New York Class have been damaged in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## SEVENTH CAUSE OF ACTION
### (New York State Spread of Hours Violations)

102.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

103.     At all relevant times, Defendants failed to pay Plaintiffs and members of the New York Class one additional hour's pay at the minimum wage for each day Plaintiffs and members of the New York Class worked more than ten (10) hours in violation of N.Y. Lab. Law § 650 et seq., and 12 N.Y.C.R.R. § 137-1.7.

104.     Defendants' failure to pay Plaintiffs and members of the New York Class an additional hour's pay for each day they worked in excess of ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

105.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the New York Class have been damaged in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

## EIGHTH CAUSE OF ACTION
### (New York State Reimbursement for Uniform Expenses Violations)

106.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

107.     Defendants required Plaintiffs to purchase, wear and clean and maintain uniforms while working at Pine Restaurant.  However, Defendants did not reimburse Plaintiffs for the purchase, cleaning and maintenance costs of their uniforms.

108.     Accordingly, Defendants violated N.Y. Lab. Law § 663 and 12 N.Y.C.R.R. §137-1.8.

109.    Defendants' failure to compensate Plaintiffs and members of the New York Class for the purchase, cleaning and maintenance costs of their required uniforms was willful within the meaning of N.Y. Lab. Law § 663.

110.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the New York Class have been damaged in an amount to be determined at trial, plus liquidated damages and prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of both the New York Class and the FLSA Collective, respectfully request that the Court:

A.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all persons employed by Defendants as a waiter, bartender, barback, busboy, runner, dishwasher, or cook, or any other equivalent position, for the three years immediately preceding the commencement of this action to the present, including the last known address, telephone number, email address and Social Security number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.    Determine the damages sustained by Plaintiffs and the members of the FLSA Collective as a result of Defendants' violations of 29 U.S.C. § 207(a)(1), and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Collective, plus such pre-judgment interest as may be allowed by law;

C.    Award Plaintiffs and the members of the FLSA Collective an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) because Defendants' violations of the FLSA were willful;

D.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P.

23 on behalf of the New York Class and designation of Plaintiffs as representatives of this class

and their counsel of record as class counsel;

E.      Determine the damages sustained by Plaintiffs and the members of the New York

Class as a result of Defendants' violations of 12 N.Y.C.R.R. §§ 142-2.1 & 142-2.2, and award

those damages against Defendants and in favor of Plaintiffs and the New York Class, plus such

pre-judgment interest as may be allowed by law;

F.      Award Plaintiffs and the members of the New York Class an additional equal

amount of liquidated damages pursuant to New York law because Defendants' violations of New

York law were willful;

G.      Award Plaintiffs and the members of the FLSA Collective and the New York

Class their reasonable attorneys' fees and costs and disbursements in this action, including but

not limited to any accountants' or experts' fees; and

   H.      Grant Plaintiffs and the members of the FLSA Collective and the New York Class

such other and further relief as the Court may deem just and proper.


Dated: New York, New York
        January 18, 2011


                                 Respectfully submitted,

                                 THOMPSON WIGDOR & GILLY LLP

                                 By: _____
                                       Scott B. Gilly, sgilly@twglaw.com
                                       Basil C. Sitaras, bsitaras@twglaw.com
                                       Ambika Ganesh, aganesh@twglaw.com

                                 85 Fifth Avenue, Fifth Floor
                                 New York, New York 10003
                                 Telephone: (212) 257-6800
                                 Facsimile:  (212) 257-6845

                                 *Counsel for Plaintiffs and the Class*