**TRIVELLA & FORTE, LLP**
**ATTORNEYS AT LAW**
1311 MAMARONECK AVENUE, SUITE 170
WHITE PLAINS, NEW YORK 10605
(914) 949-9075
TELECOPIER (914) 949-4752

March 1, 2011

**VIA ECF & FASCIMILE 718-613-2365:**

Chambers of the Honorable
Magistrate Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

>   Re:   **Abdellah Bouzzi, et al. v. F&J Pine Restaurant, LLC et al.**
>         **Case No.: 10 CV 0457 (DLI) (CLP)**

Dear Judge Pollak:

   This office is counsel to Defendants and provides this letter as a continuation of Defendants' request by letter and at a recent conference for an order compelling Plaintiffs to provide to Defendants their tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers for the six years prior to the commencement of this action and compelling Plaintiffs to provide authorizations for Defendants to request such information from the Internal Revenue Service and New York State Division of Taxation and Finance.  In a prior letter to the Court, Defendants requested this Court compel Plaintiffs to produce income tax, employment and collateral income source information and documentation for the period spanning six years prior to the interposition of the Complaint.  Such information is relevant to evaluate Plaintiffs' tip and wage claims as Plaintiffs' tips constituted part of their pay and Plaintiffs were required to report both their compensation from Defendants and their tips on their tax returns. Nor can Plaintiffs argue the W2 information is a substitute for the tax returns, as the W2 forms do not include tip information. To the extent Plaintiffs received the minimum wage as a result of any tips they received in addition to compensation from Defendants, that information is relevant in computing whether Plaintiffs actually received the wages required under the FLSA and NY state wage laws, as well as relevant for establishing an affirmative defense of set off and for impeachment purposes. Additionally this information is necessary for Defendants to calculate any offer in judgment proposal. The Eastern District New York Court has previously set forth the standard for requiring production of tax returns from Plaintiffs in FLSA actions:

> Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the

sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.' " *Carmody v. Village of Rockville Centre,* 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (quoting *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979)). In determining whether to compel discovery of tax returns, the court applies a two prong test: "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Prods., LLC,* 252 F.R.D. 143, 149 (E.D.N.Y.2008) (citations omitted). The modern trend places the burden on the party seeking the discovery to establish both prongs of this test. *See Uto v. Job Site Servs., Inc.,* — F.Supp.2d —-, 2010 WL 3700239, at *4 (E.D.N.Y. Sept. 20, 2010); *see also Carmody,* 2007 WL 2043807, at *2.

As the party seeking discovery in this case, the defendants first bear the burden of showing the relevance of the tax returns to the instant action. Defendants argue that the tax returns are relevant since they will identify other employers of the plaintiffs. As defendants apparently claim that they never employed these plaintiffs, they further argue that the tax returns are "relevant as to how much the plaintiffs were paid by these defendants, if they were paid by these defendants at all." Defs.' ltr at 1. Plaintiffs respond that the tax returns are irrelevant because even if they reflect the existence of other employers, the returns would not indicate how many hours plaintiffs worked for a particular employer. The Eastern District of New York has opined on the inquiry relevant to whether Defendants are entitled to Plaintiffs' tax records in a Fair Labor Standards Act case:

Even assuming, *arguendo,* that the tax returns are relevant, defendants must also establish the second prong of the test-that they have a compelling need for these items because the information is not readily obtainable from a less intrusive source. *Sadofsky,* 252 F.R.D. at 150 (citations omitted). Defendants offer only a conclusory statement that "there is no other means by which the defendants in this case can establish that someone other than themselves were the plaintiffs' employer" and a rhetorical question posed to plaintiff's counsel as to what less intrusive methods might exist. Defendants have singularly failed to establish that the information sought cannot be obtained from a less intrusive source and thus have not met their burden.

As to defendants' argument regarding the amounts paid by them to the plaintiffs, their own records should reflect this information. Interrogatories, demands for non-tax return documents, and/or inquiries during depositions are discovery devices that apparently have not yet been utilized by defendants. The same devices can be used to obtain discovery regarding any other entities that may have employed the plaintiffs during the relevant time periods. Defendants could, for example, pose interrogatories to determine plaintiffs' employment history during the relevant time period or question plaintiffs during depositions concerning the number of hours they worked. *Carmody,* 2007 WL 2042807, at *3 (citing *Sabetelli v. Allied Interstate, Inc.,* 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13 2006)). Here, there is no representation from defendants that they have attempted to retrieve the information sought from Plaintiffs through discovery of

> other documentary evidence such as financial records, or "through the use of any other, less intrusive, discovery device." <u>Carmody</u>, 2007 WL 2042807, at *3
> For the foregoing reasons, plaintiffs' motion for a protective order is granted. This ruling may be re-visited upon motion by the defendants, provided they can demonstrate that they have unsuccessfully attempted to obtain the information by other methods."

<u>Melendez v. Primavera Meats, Inc.</u>, 270 F.R.D. 143, 77 Fed.R.Serv.3d 1075(EDNY 10/27/10 Wall, J.).

Other Courts have held "Where the income of a party to a civil action is a material fact which is in issue, the courts may ordinarily require him to produce copies of his income tax returns for inspection by the adverse party."[1] Here Plaintiffs' income is a material fact which is in issue, with Plaintiffs claiming their income was below that required by the Fair Labor Standards Act and New York labor law.

The Court, respectfully, should compel disclosure of the Plaintiffs' tax returns and other documentation as Defendants in the instant action have attempted without success to obtain the information through other less intrusive methods. Defendants served the attached Notices of Deposition and Rule 30(b) (5) document demands on Plaintiffs' counsel via facsimile and mail on June 30, 2010. The document demands ## 2, 3, 4, 18, 19 contained therein request documentation relating to "a source of income to Plaintiff from 2003 through the present". Defendants Interrogatories to Plaintiffs dated June 30, 2010 were also served on Plaintiffs' counsel on or about June 30, 2010. A copy of those interrogatories is attached. Interrogatories ## 37, 39, 40 and Document Demands ##1, 17, 18, 19, 20, 21 requested tax records and documents reflecting employment and income information for Plaintiffs for the six years prior to interposition of the Complaint. Plaintiffs have been stonewalling and refusing to provide income tax, collateral source income or employment information and documentation, which information is certainly relevant to Plaintiffs' claims they have worked certain hours and received improper payment from Defendants. Plaintiffs never moved for a protective order as to these discovery demands and never provided the requested information or appeared for depositions as noticed. Therefore Defendants have established that they have

---

[1] 70 A.L.R.2d 240 <u>Discovery and inspection of income tax returns in actions between private individuals</u>, § 14 citing <u>Tollefsen v Phillips</u> (1954, DC Mass) 16 FRD 348; <u>Connecticut Importing Co. v Continental Distilling Corp.</u>, (1940, DC Conn) 1 FRD 190; <u>The Sultana</u> (1948, DC NY) 77 F Supp 287; <u>Court De Graw Theatre, Inc. v Loew's, Inc.</u>, (1957, DC NY) 20 FRD 85; <u>Kingsley v Delaware, Lackawanna & Western R. Co.</u>, (1957, DC NY) 20 FRD 156; <u>Greene v Lam Amusement Co.</u> (1956, DC Ga) 19 FRD 213; <u>Star v Rogalny</u> (1958, DC Ill) 22 FRD 256; <u>Bush v Chicago, Burlington & Quincy R. Co.</u>, (1958, DC Neb) 22 FRD 188; <u>Leonard v Wargon</u> (1945, Sup) 55 N.Y.S.2d 626, and <u>Schacht v Schacht</u> (1945, Dom Rel Ct NY) 58 N.Y.S.2d 54.

Hon. Cheryl L. Pollak
March 1, 2011
Page 4 of 4.

unsuccessfully attempted to obtain the relevant information through other less intrusive methods than actual production of tax returns, and request the Court Order immediate production of Plaintiff's tax records and returns for the six year period prior to interposition of the Complaint and require Plaintiffs to sit for depositions on a date certain in the next two weeks.

      Thank you for the Court's kind attention to this matter. Please notify this office of the Court's decision.

                          Very truly yours,

                          TRIVELLA & FORTE, LLP

                          /s/***Christopher A. Smith***

                          Christopher A. Smith, Of Counsel (CS 9014)

cc:    Ambika Ganesh, Esq. (Plaintiffs' counsel)
       (via facsimile 212-257-6845 and electronic mail)