UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABDELLAH BOUZZI; LUIS GUAMAN; RAUL ECHEVARRIA; YOLANDA CASTRO; MARIO RAMALEZ; GUBELKIS CASTRO; JAMIE PAREDES; ROLANDO LIRIANO; NOE VARGARA-CAMPOS; MILDRED SANTANA; and OSCAR CARRANZA, on behalf of themselves individually, and on behalf of all similarly situated employees,

Plaintiffs,

-against-

F & J PINE RESTAURANT, LLC, d/b/a THE PINE RESTAURANT GROUP and/or THE PINE RESTAURANT; THE PINE RESTAURANT GROUP; THE PINE RESTAURANT; 4AKIDS LLC; A&C PINE PROPERTIES; F&J PINE RESTAURANT; PINE RESTAURANT OF QUEENS; CHARLES ROSE, in his official and individual capacities; ANTHONY BASTONE, in his official and individual capacities; and DOES 1-5 d/b/a THE PINE RESTAURANT,

Defendants.
-----------------------------------------------------------x

Case No.: 10-CV-0457 (DLI)(CLP)

AFFIDAVIT OF
ANTHONY BASTONE

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF BRONX          )

**ANTHONY BASTONE**, being duly sworn, swears to the truth of the following under penalty of perjury:

1.  I am a named Defendant in this action and I am the President and sole shareholder of 4AKids, LLC. 4AKids, LLC wholly owns "The Pine Restaurant" referred to in the Amended Complaint, which is located at 1913 Bronxdale Avenue, Bronx New York (hereinafter "Pine Bronx").

1

2. 4AKids, LLC does not have any ownership interest in or any affiliation with any of the other restaurant entities referred to in the Amended Complaint as Defendants, including the other restaurant also referred to in the Amended Complaint as "The Pine Restaurant" that is located at 37-10 114th Street, Corona, New York. Pine Queens. (hereinafter "Pine Queens"). Pine Queens is wholly owned by A&C Properties, Inc. Although I am personally a 50% owner of A&C Properties, Inc., I have no managerial responsibilities at Pine Queens. I do not participate in the hiring, firing, discipline, payment or scheduling of employees at Pine Queens. I do not participate in setting the salaries of the employees at Pine Queens. I do not maintain or control the payroll records at Pine Queens. I do not make decisions with respect to the food and bar service at Pine Queens, including the menu selections. I do not place vendor orders, maintain or pay vendor accounts or make supply decisions at Pine Queens. I am not involved in any of the day to day activities related to Pine Queens operations.

3. I have been the sole and exclusive manager of Pine Bronx at all relevant times. I am and have been responsible for all management operations for Pine Bronx for some 22 years and have personal knowledge of all of its day to day activities, including employment and labor relations as well as payroll and food and bar service. I also have personal knowledge of all employees of Pine Bronx during all relevant times.

4. Pine Bronx is not owned by any of the named Defendants, other than 4AKids, LLC. No individual or entity Defendant except 4AKids, LLC and me has any affiliation or connection whatsoever to Pine Bronx. I am unaware of any entity or "chain of restaurants" that ever existed or currently exists called the Pine Restaurant Group, and Pine Bronx is not a franchise.

5. Pine Bronx is a free-standing family style restaurant that serves Italian food, steaks and chops, and seafood. Pine Queens, on the other hand, is a sports-bar and grill, located inside of a

Holiday Inn right next to Citi Field and LaGuardia Airport. It serves a more casual fare and caters largely to its bar patrons, sports fans, airline employees and guests of the Holiday Inn.

6. Pine Bronx does not employ and has never employed any of the listed Plaintiffs who have filed a Notice to Consent to join as party Plaintiff herein, to wit, Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, Mario Ramalez, Gubelkis Castro, Rolando Liriano, Jamie Paredes, Noe Vargara Campos, Mildred Santana, Oscar Carranza and Nick Sanchez. To the best of my knowledge, none of these Plaintiffs have ever set foot in Pine Bronx, other than Mr. Abdellah Bouzzi when he came to Pine Bronx to apply for a job at after resigning from Pine Queens. None of the named Plaintiffs has any personal knowledge regarding the operations, payroll practices or employee relations at Pine Bronx. Plaintiffs' unsupported claims that Pine Queens and Pine Bronx "shared employees" back and forth and that they are "generally run as a single business" (Bouzzi Affidavit, ¶ 7 and Guaman Affidavit, ¶ 6) are patently false.

7. I have read the affidavits of Plaintiffs Luis Guaman and Abdellah Bouzzi, submitted in support of the instant motion, both of whom purport to be representatives of a "class" of employees similarly situated between Pine Queens and Pine Bronx which they claim are joint employers. Neither affidavit sets forth a single verifiable fact that establishes or provides credible support for these claims, as they are based on conclusory and in some instances fabricated statements regarding the management, operations and employment functions of Pine Bronx.

8. Messrs. Bouzzi and Guaman do not allege that they, or any of the other listed Plaintiffs, were ever employed at Pine Bronx or on the payroll of 4AKids, LLC. Messrs. Bouzzi and Guaman do not allege that I ever supervised their activities at Pine Queens, or that I hired, fired, set schedules for or disciplined them or other employees at Pine Queens. Messrs. Bouzzi and Guaman do not claim that they ever came to me when they had an issue or grievance regarding work conditions or their pay or

3

for any other reason for that matter. That is because none of these things ever happened. Charles Rose, the other 50% owner of A&C Properties, Inc., was and is the sole general manager of Pine Queens and has at all times been in charge of its operations and employees. He alone is responsible for payroll, food service, vendor accounts, utilities, and all employment functions at Pine Queens, including the hiring, firing, discipline, scheduling, payment, setting of salaries and supervision of employees.

9. Mr. Guaman's Affidavit, ¶ 6, alleges that he worked only at Pine Queens for six years. He does not allege that he ever worked at Pine Bronx, ever had any interactions with me or any employees of Pine Bronx, or that he has any personal knowledge of any of the operations or employment functions at Pine Bronx. The only fact specific allegation Mr. Guaman makes that purports to link Pine Bronx to Pine Queens is that on certain special occasions, such as Thanksgiving, Christmas and for large parties, he either accompanied Charles Rose to pick up food orders from Pine Bronx, or that for these special events "Pine Bronx had a company van that occasionally delivered food to Pine Queens" (Guaman Affidavit, ¶ 8). Those allegations are untrue. What is true is that every year, for a series of Thanksgiving charity events that were catered by Pine Queens and held at various shelters in Queens, Pine Queens utilized Pine Bronx as a food vendor since its kitchen is not big enough to prepare all of the necessary meals. On those isolated occasions, food from Pine Bronx was picked up by Charles Rose together with a Pine Queens employee and brought directly to the locations that were part of the charity event. These special food orders were always, without exception, invoiced to Pine Queens by Pine Bronx and paid for entirely by Pine Queens. There was absolutely no sharing of food or beverage orders for those events, no sharing of equipment or employees, and no sharing of customer accounts between the two restaurants. There was no "company van" used by Pine Bronx to deliver food to Pine Queens for these Thanksgiving charity events or any other event, and Pine Bronx

did not provide any extra staffing to Pine Queens on these occasions or at any time. Contrary Mr. Guaman's claim, Pine Bronx did not supply any food orders to Pine Queens at Christmas or any time other than for these Thanksgiving events.

10. Although Mr. Guaman makes the bald, conclusory statement that Pine Bronx and Pine Queens "shared employees between the two restaurant locations and were generally run as a single business"(Guaman Affidavit, ¶ 6), he fails to name a single employee that was "shared" or a single overlapping operational, managerial or employment function of Pine Queens and Pine Bronx. That is because there are no "shared" employees of Pine Bronx and Pine Queens-- no employee coming from Pine Bronx ever worked shifts at Pine Queens or vice versa, and there are no overlapping functions of any kind between Pine Queens and Pine Bronx. Contrary to Mr. Guaman's surmise, all vendor accounts are entirely separate for Pine Queens and Pine Bronx, as are all accounts payable and accounts receivable for each restaurant. Quite frankly, I don't know how Mr. Guaman can even comment on how business was run or how employees were paid at Pine Bronx (Guaman Affidavit, ¶ 6), since he never worked there, nor, to my knowledge, ever visited the Pine Bronx.

11. I, as the sole owner and hands on manager of the Pine Bronx and 4AKids, LLC, can attest to every detail of how the business is run. I can state unequivocally that it is run completely independently of Pine Queens, with separate managers, tax ID numbers, bank accounts, utilities, corporate records, tax records, employees, customers and vendor accounts. There was never exchange of food between Pine Bronx and Pine Queens and vendor invoices of Pine Queens and Pine Bronx were paid separately and the food ordered and invoiced for each entity was delivered directly to that entity and that entity only.

12. Noticeably absent from Mr. Guaman's affidavit are any allegations that he was improperly paid when he worked at the Pine Queens, that he did not receive proper minimum wage or

5

overtime or spread of hours pay, or that he was not properly compensated for and provided with uniforms as alleged in the Amended Complaint. Indeed, Mr. Guaman provides no evidence or proof whatsoever that he was improperly paid under the Fair Labor Standards Act or New York State law or that Pine Queens or Pine Bronx engaged in any of the improper labor activity or otherwise victimized him as alleged in the Amended Complaint.

13. Mr. Bouzzi's affidavit, which is identical in many respects to Mr. Guaman's affidavit, fails to allege any facts to support his claim that Pine Queens and Pine Bronx "shared employees", or were "generally run as a single business."(Bouzzi Affidavit, ¶ 7). Mr. Bouzzi's Affidavit, like Mr. Guaman's, offers no supporting facts to establish that any of the operational, managerial or employment functions of Pine Queens were ever intertwined with or otherwise linked to Pine Bronx. Mr. Bouzzi never alleges he was paid by 4AKids, LLC or Pine Bronx or any entity other than A&C Pine Properties, Inc. at any time during his entire nine years of employment at Pine Queens. The only example that Mr. Bouzzi relies on to attempt to demonstrate any connection between A&C Properties, Inc. and 4AKids, LLC is that on his 2009 W-2 Form the address of Pine Bronx was erroneously listed due to a typographical error as the address for A&C Properties, Inc., which is correctly designated as Mr. Bouzzi's employer. A review of the New York State Division of Corporations web site shows the address for A&C Pine Properties, Inc. to be the Pine Queens address at 37-10 114th Street, Corona, New York, and not the address of Pine Bronx at 1913 Bronxdale Avenue, Bronx, New York. as Plaintiffs suggest.

14. Mr. Bouzzi's affidavit provides no factual support for his claim that he was improperly paid any wages for the entire 2003 through 2009 period in which he worked at Pine Queens. Except for his completely bald and conclusory allegations that during the years 2003 through 2005, "a portion of my tips were unlawfully taken by management" (Bouzzi Affidavit at ¶16), or that no uniform

allowances were given to employees of Pine Queens (Bouzzi Affidavit at ¶17), he does not describe with any specificity a single impropriety on the part of Pine Queens with respect to his wages. He describes no FLSA violations or any other improprieties by any other Defendant. Mr. Bouzzi's Affidavit, ¶ 12 makes a reference to an employee named "Alejandro" who allegedly worked first for Pine Bronx and later for Pine Queens. I have no knowledge of any Pine Bronx employee named "Alejandro" and I believe Mr. Bouzzi fabricated the name.

15. Mr. Bouzzi does not allege that 4AKids, LLC or I engaged in any specific operational or managerial functions in Pine Queens. He does not claim that I acted as his supervisor, set his work schedules, determined his pay scale, or disciplined him or had any interactions with him or any other employees at Pine Queens. Furthermore, he never alleges that any food or other items, including equipment, were shared between Pine Queens and Pine Bronx, and he never alleges any employee simultaneously worked for Pine Bronx and Pine Queens. That is because none of those things ever happened. Although he does claim, without offering any specificity, that at times individuals from Pine Bronx came to assist with functions at Pine Queens, he provides no particularity whatsoever such as dates or times or even year(s). Again, that is because that never happened. As to Mr. Bouzzi's statement that, "on three occasions" he worked at Pine Bronx (Bouzzi Affidavit, ¶ 9) I unequivocally state that is false. Mr. Bouzzi never worked a single shift at Pine Bronx, and there is not a shred of evidence presented or that could be presented to establish otherwise.

16. Mr. Bouzzi's denial that he was a manager at Pine Queens, is belied by his letter of resignation (see Exhibit A attached to Rose Affidavit) and his admission that since 2005 he was paid "to perform some administrative tasks for Rose" at Pine Queens (Bouzzi Affidavit, ¶ 16). I understand from my attorney that where, as here, Mr. Bouzzi earned more than $250 a week and was paid on a salary basis, utilized discretion and judgment related to management policies in supervising

7

other employees, his position is considered managerial and he is not similarly situated to the other Pine Queens Plaintiffs. I am also informed by Mr. Rose that Mr. Bouzzi received health insurance at Pine Queens and only managers at Pine Queens received health insurance.

17. Plaintiffs' Counsel's Declaration in Support attaches copies of menus from Pine Queens and Pine Bronx to support Plaintiffs' claim that the two restaurants are part of a "chain". The menus show just the opposite: The telephone numbers and logos are different; the web site for Pine Bronx (www.fjpine.com) makes no mention of Pine Queens, and the online ordering system is listed for Pine Bronx only and not Pine Queens. I can affirmatively state that Pine Queens and Pine Bronx have never engaged in joint marketing or advertising and have never paid the expense of the other entity's advertising, marketing, vendors, employees or house accounts. Furthermore, the business cards attached at Exhibit J to Plaintiffs' Counsel's Declaration in Support demonstrate that Pine Bronx and Pine Queens have separate addresses, names, telephone and facsimile numbers, and web sites.

18. Plaintiffs' motion therefore fails to meet Plaintiffs' burden of proof on this motion that that Plaintiffs, individually or collectively, were improperly or illegally paid or that any other allegation in the Complaint applies to these Plaintiffs or that these Plaintiffs are similarly situated to the proposed Pine Queens/Pine Bronx Plaintiff class. Defendants respectfully submit that the Court should find Plaintiffs fail to make the requisite factual showing necessary for preliminary certification, and fail to demonstrate that they are similarly situated to any other Plaintiff or potential Plaintiff at Pine Bronx or Pine Queens.

19. As I stated above, Pine Bronx is an entirely separate entity from Pine Queens. I reiterate that there are no shared employees between the two restaurants, and their payrolls, food and beverage service and employment activities are completely separate. I personally have never worked in Pine Queens, do not perform any managerial functions at Pine Queens, and I play absolutely no role

in any of the daily activities of Pine Queens. Conversely, Charles Rose has no ownership interest whatsoever in Pine Bronx or 4A Kids, LLC and has never worked for 4A Kids, LLC or Pine Bronx, there is no common management or common labor force between Pine Bronx and Pine Queens, and there are no employees of Pine Bronx who currently work or ever worked at Pine Queens. Pine Bronx has never paid any invoices or other expenses of any other restaurant, including Pine Queens. The entity that owns Pine Bronx is a separate business entity that has separate bank accounts, tax forms and payroll from any of the other Defendants and from any other business entity.

20. Based upon the foregoing, Defendants respectfully request the Court deny Plaintiffs' motion for preliminary certification of a class of Plaintiffs including employees of Pine Bronx and Pine Queens. Plaintiffs have failed to establish any functional connection between the two restaurants, or that the employees of each restaurant have anything whatsoever in common with the employees of the other restaurant or with the Plaintiffs. The Plaintiffs are not similarly situated to other Pine Queens employees or to any of the Pine Bronx employees and as such, Plaintiffs are not appropriate representatives of the proposed class. Moreover, Plaintiffs have not established any facts or submitted any evidence that they were improperly paid, and have made no showing whatsoever that other employees at Pine Bronx or Pine Queens were improperly paid or that any Defendant violated the Fair Labor Standards Act or New York State Labor Law either willfully or otherwise.

21. I declare under penalty of perjury that the foregoing is true and correct.

_____
ANTHONY BASTONE

Sworn to before me this 15th day of March 2011

_____
Notary Public

ALICE M. MERCADO
Notary Public, State of New York
No. 01ME6000335
Qualified in Bronx, New York
Commission Expires December 15, 2013