UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
:
ABDELLAH BOUZZI, LUIS GUAMAN, RAUL :
ECHEVARRIA, YOLANDA CASTRO, MARIO :
RAMALEZ, GUBELKIS CASTRO, JAMIE :
PAREDES, ROLANDO LIRIANO, NOE : Case No. 10 CV 0457
VARGARA-CAMPOS, MILDRED SANTANA, : (DLI)(CLP)
and OSCAR CARRANZA on behalf of themselves :
individually, and on behalf of all similarly situated :
employees, :
:
:
            Plaintiffs, :
:
    - against - :
:
:
F & J PINE RESTAURANT, LLC, d/b/a THE :
PINE RESTAURANT GROUP and/or THE PINE :
RESTAURANT; THE PINE RESTAURANT :
GROUP; THE PINE RESTAURANT; 4AKIDS, :
LLC; A&C PINE PROPERTIES; F&J PINE :
RESTAURANT; PINE RESTAURANT OF :
QUEENS; CHARLES ROSE, in his official and :
individual capacities; ANTHONY BASTONE, in :
his official and individual capacities; and DOES 1-5 :
d/b/a THE PINE RESTAURANT, :
:
            Defendants. :
:
----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR (1) PRELIMINARY CERTIFICATION OF A COLLECTIVE ACTION PURSUANT TO THE FAIR LABOR STANDARDS ACT; (2) AN ORDER DIRECTING DEFENDANTS TO PROVIDE PLAINTIFFS WITH THE NAMES AND ADDRESSES OF PUTATIVE COLLECTIVE ACTION MEMBERS; AND (3) AN ORDER AUTHORIZING PLAINTIFFS' COUNSEL TO ADVISE SUCH COLLECTIVE ACTION MEMBERS OF THE PENDENCY OF THIS ACTION AND THEIR OPPORTUNITY TO PARTICIPATE IN IT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................. ii

    **I.  THE PLEADINGS AND PLAINTIFFS' AFFIDAVITS CONSTITUTE SUFFICIENT EVIDENCE THAT PLAINTIFFS WERE VICTIMS OF A COMMON UNLAWFUL POLICY** ............................................................................. 1

    **II.  PLAINTIFFS' ARGUMENTS RELATED TO THE APPLICATION OF THE ADMINISTRATIVE EXEMPTION ARE PREMATURE AT THE CONDITIONAL CERTIFICATION STAGE** ............................................................ 3

    **III.  COURTS IN THE SECOND CIRCUIT HAVE THE POWER TO AUTHORIZE FLSA NOTICE** ........................................................................................................ 5

    **IV.  PLAINTIFFS' PROPOSED NOTICE IS PROPER AND SUFFICIENT** ................. 6

**CONCLUSION** ............................................................................................................... 11

## TABLE OF AUTHORITIES

Cases

*Baba v. Grand Cent. P'ship, Inc.*,
  99 Civ. 5818 (TPG), 2000 WL 1808971 (S.D.N.Y. Dec. 8, 2000) .......................................... 7

*Bifulco v. Mortgage Zone, Inc.*,
  262 F.R.D. 209 (E.D.N.Y. 2009) ........................................................................................... 2

*Braunstein v. E. Photographic Labs., Inc.*,
  600 F.2d 335 (2d Cir. 1978) .................................................................................................. 5

*Davis v. Abercrombie & Fitch*,
  08 CIV 1859(PKC), 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008) ..................................... 2, 4

*Flores v. Amigon*,
  233 F. Supp. 2d 462 (E.D.N.Y. 2002) .................................................................................. 8

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
  678 F. Supp. 2d 89 (E.D.N.Y. 2010) .................................................................................... 7

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
  282 F. Supp. 2d 101 (S.D.N.Y. 2003) ................................................................................ 8, 9

*Gortat v. Capala Bros., Inc.*,
  07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) ........................................ 7

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) .................................................................................................. 6

*Hoffman v. Sbarro, Inc.*,
  982 F. Supp. 249 (S.D.N.Y. 1997) ........................................................................................ 5

*Hoffman-La Roche, Inc. v. Sperling*,
  493 U.S. 165 (1989) ........................................................................................................... 7, 8

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
  239 F.R.D. 363 (S.D.N.Y. 2007) ........................................................................................ 2, 6

*Kamens v. Summit Stainless, Inc.*,
  586 F.Supp. 324 (E.D.Pa.1984) ............................................................................................ 7

*Lynch v. United Servs. Auto. Ass'n*,
  491 F. Supp. 2d 357 (S.D.N.Y. 2007) ........................................................................ 2, 4

*McBeth v. Gabrielli Truck Sales, Ltd.*,
  09 CV 4112 (LDW), 2011 WL 338123 (E.D.N.Y. Feb. 3, 2011) ............................... 6

*Mike v. Safeco Ins. Co. of Am.*,
  274 F. Supp. 2d 216 (D. Conn. 2003) ........................................................................ 4

*Patton v. Thomson Corp.*,
  364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................................. 5, 10

*Perrin v. Greece Cent. Sch. Dist.*,
  03-CV-6545T, 2005 WL 2293590 (W.D.N.Y. Sept. 20, 2005) .................................. 4

*Reich v. S. New England Tels. Corp.*,
  121 F.3d 58 (2d Cir. 1997) .......................................................................................... 9

*Rubery v. Buth-Na-Bodhaige, Inc.*,
  569 F. Supp. 2d 334 (W.D.N.Y. 2008) ....................................................................... 7

*Sherrill v. Sutherland Global Services, Inc.*,
  487 F. Supp. 2d 344 (W.D.N.Y. 2007) ....................................................................... 7

*Sobczak v. AWL Indus., Inc.*,
  540 F. Supp. 2d 354 (E.D.N.Y. 2007) ........................................................................ 5

*Yu G. Ke v. Saigon Grill, Inc.*,
  595 F. Supp. 2d 240 (S.D.N.Y. 2008) ........................................................................ 9

*Zeng Liu v. Donna Karan Int'l, Inc.*,
  207 F. Supp. 2d 191 (S.D.N.Y. 2002) ........................................................................ 8

Statutes

29 U.S.C. § 216(b) ............................................................................................................. 5, 11

29 U.S.C. § 255 ........................................................................................................................ 6

Fed. R. Civ. P. 11 ..................................................................................................................... 1

29 C.F.R. § 516.4 ..................................................................................................................... 6

**I.      THE PLEADINGS AND PLAINTIFFS' AFFIDAVITS CONSTITUTE SUFFICIENT EVIDENCE THAT PLAINTIFFS WERE VICTIMS OF A COMMON UNLAWFUL POLICY**

Defendants' argument that the Court should deny conditional certification because the affidavits of Plaintiffs Bouzzi and Guaman did not specifically allege the common unlawful pay practices they were subjected to is unavailing.  Plaintiffs original Complaint in this matter, filed on February 3, 2010, thoroughly delineated the unlawful pay practices that Plaintiffs and those similarly situated were uniformly subjected to.  Plaintiffs pled these common unlawful pay practices with even greater specificity and detail in their Amended Complaint, dated January 18, 2011.  Defendants moved to dismiss both Plaintiffs' original Complaint and Amended Complaint.[1]  In neither of these motions did Defendants ever deny that Plaintiffs were subjected to an unlawful common pay practice and policy.  On February 11, 2011, when Plaintiffs served Defendants with the instant motion for conditional certification, Defendants had not yet denied the pay practices repeatedly alleged by Plaintiffs.  It was not until March 7, 2011, the date which Defendants finally filed their Answer, that Defendants formally denied Plaintiffs' allegations.  As such, Plaintiffs' affidavits submitted with their motion for conditional certification did not initially repeat, for a third time, the allegations of Defendants' unlawful common pay practices.  In light of the denials in Defendants' Answer, and the arguments set forth in opposition to the instant motion, Plaintiffs now submit further reply affidavits to support their allegations and confirm Defendants' common policy or plan of unlawful pay practices.[2]

Despite Defendants' contention otherwise, Plaintiffs present sufficient evidence to support a finding that the named Plaintiffs are similarly situated to equivalent employees of Pine

---

[1] Defendants withdrew the clearly frivolous dismissal motion directed to the Amended Complaint after being served with notice by Plaintiffs that they would pursue sanctions under FED. R. CIV. P. 11.

[2] See Reply Affidavit of Abdellah Bouzzi, dated March 21, 2011 ("Bouzzi Reply Aff."); Reply Affidavit of Luis Guaman, dated March 21, 2011 ("Guaman Reply Aff."); Affidavit of Nicholas Sanchez, dated March 22, 2011 ("Sanchez Aff."); Affidavit of Oscar Carranza, dated March 21, 2011 ("Carranza Aff.").

1

Bronx and Queens for the purposes of conditional certification. The standard in the Second Circuit is that class certification is a two step process. Davis v. Abercrombie & Fitch, 08 CIV 1859(PKC), 2008 WL 4702840, *9 (S.D.N.Y. Oct. 23, 2008). At the first stage, referred to as the notice stage, the court will look at the pleadings and affidavits and "[i]f the plaintiff satisfies 'the minimal burden of showing that the similarly situated requirement is met,' the court certifies the class as a collective action." Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007); see also Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage.").[3] The allegations in Plaintiffs' Amended Complaint, coupled with the accompanying affidavits, easily combine to overcome this minimal standard.

In their affidavits, Plaintiffs provide sufficient details regarding the connection between Pine Queens and Pine Bronx to prove that employees from the two restaurants are similarly situated for the purposes of conditional certification. The fact that the affidavits of Defendants Rose and Bastone seek to contradict many of Plaintiffs' assertions is an inapposite argument at the conditional certification stage. In this District, "[a]ttacks on credibility are not properly decided by the Court on a motion for conditional certification." Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 214 (E.D.N.Y. 2009). Therefore, Defendants' affidavits disputing Plaintiffs' claims, while possibly appropriate during the second stage of the certification process, do not preclude conditional certification at this time.

However, to the extent this Court may consider the weight of the opposing affidavits, those submitted by Defendants Rose and Bastone are wholly contradictory and unreliable. First,

---

[3] Defendants' jurisdictional argument regarding Plaintiffs' purported failure to allege that Defendants are engaged in interstate commerce is irrelevant to the instant motion and, if such an argument had any merit, which it does not, Defendants should have argued as such on either of their two unsuccessful motions to dismiss.

2

despite the fact that Defendant Bastone originally attested that "there are no employees of Pine Bronx who currently work or ever worked at Pine Queens," Defendants now admit that "some employees of Pine Bronx also worked at Pine Queens at different times." See Ex. A, ¶ 8;[4] compare Answer, ¶ 25.  Second, a review of Bastone's successive affidavits show, at first, a lack of disclosure concerning his ownership stake in Pine Queens, followed by an admission that he was an unspecified shareholder of Pine Queens, and finally an outright admission that "I am personally a 50% owner of A&C Properties, Inc."  See Ex. A; Ex. B, ¶ 7; Ex. C, ¶ 2; see also Ex. D, ¶ 3 ("Pine Queens and the Bronx Restaurant are not owned by the same people.").  Third, although Defendant Bastone originally described both Pine Queens and Pine Bronx as sharing "a similar name and [that] they are both sports bars and restaurants located near baseball stadiums," he now attests to Pine Bronx as a "family style restaurant that serves Italian food, steaks and chops, and seafood . . . [whereas] Pine Queens . . . is a sports-bar and grill."  See Ex. A, ¶ 10; Ex. C, ¶ 5.  Thus, not only do these examples show the great extent to which the Court should accept Plaintiffs' affidavits over those submitted by the Defendants, but they are also further evidence that conditional certification of both locations is appropriate.

## II. PLAINTIFFS' ARGUMENTS RELATED TO THE APPLICATION OF THE ADMINISTRATIVE EXEMPTION ARE PREMATURE AT THE CONDITIONAL CERTIFICATION STAGE

Rather than address the proper conditional certification standard, Defendants spend time arguing the merits of whether Plaintiff Bouzzi is covered by the administrative exemption (see Defendant's Memorandum of Law in Opposition ("Def. Mem.") at 9-10), despite the clear inapplicability of this analysis to the conditional certification issue before the Court on this motion.  See Lynch, 491 F. Supp. 2d at 368.  At this procedural stage, the court does not "decide substantive issues going to the ultimate merits."  Id.  Further, courts within the Second Circuit

---

[4] Unless otherwise noted, all exhibits are annexed to the Declaration of Basil C. Sitaras, dated March 22, 2011.

3

have previously rejected this argument because the alleged applicability of the administrative

exemption would require an individualized factual inquiry:

> The Court reiterates that it is only conditionally certifying this collective action. After discovery has taken place and other [potential plaintiffs] have been given a chance to opt-in, if it appears that the plaintiffs, including those who have opted-in, have such different job duties that resolving the merits would require a mini-trial as to the nature and type of each [potential plaintiff's] duties as well as the different ways in which each [potential plaintiff] performs those duties, then the Court may conclude that the plaintiffs are not, in fact, similarly situated.

Davis, 2008 WL 4702840, *11 (internal quotations and citations omitted); see also Lynch, 491 F. Supp. 2d at 368 ("any factual variances that may exist between the plaintiff and the putative class do not defeat conditional class certification.").

Additionally, the cases cited by Defendants to support their argument against conditional certification based on Plaintiff Bouzzi's alleged qualification for the administrative exemption are unavailing as they are plainly distinguishable. Defendants' reliance on Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216 (D. Conn. 2003), is misplaced. In Mike, the Court denied conditional certification because "in order to determine membership in the class [Plaintiff] identifies in his Second Amended Complaint, the court would have to engage in an ad hoc inquiry for each proposed plaintiff." Id. at 221. In the case at bar, however, Plaintiff Bouzzi is the only individual whom Defendants even suggest qualifies for the administrative exemption. Defendants do not, because they cannot, make this argument for any one of the other ten class representatives named as Plaintiffs in the Amended Complaint.

Similarly, Perrin v. Greece Cent. Sch. Dist., 03-CV-6545T, 2005 WL 2293590 (W.D.N.Y. Sept. 20, 2005), is easily distinguished from the current case. In Perrin, the court denied conditional certification because "while the plaintiff has alleged the existence of a discriminatory policy, she has failed to establish or even allege that she was discriminated

4

against on the basis of the policy." Id. at *2. Plaintiff Bouzzi clearly alleges that he was affected by and subjected to the unlawful pay practices of Defendants, thus rendering the Perrin decision inapposite. Amended Compl. ¶¶ 2, 67, 69-70; Bouzzi Reply Aff., ¶¶ 5-14. As a result, it is clear that Defendants' argument that Plaintiff Bouzzi qualifies for the administrative exemption should not preclude conditional certification.

**III.   COURTS IN THE SECOND CIRCUIT HAVE THE POWER TO AUTHORIZE FLSA NOTICE**

Courts within the Second Circuit unequivocally are empowered to authorize notice under 29 U.S.C. § 216(b). In Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978), the Second Circuit held that the district court "took the proper course in authorizing notice to other potential plaintiffs in this action under the Fair Labor Standards Act . . . In our view, this holding comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." See also Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) ("Courts have discretion to authorize sending such notice to potential plaintiffs in a collective action."); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) (authorizing notice); Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (same). Defendants acknowledge that this is the prevailing standard when they quote Hoffman, explaining that "[i]t is well settled that district courts have the discretionary power to authorize the sending of ['opt-in] notice[s] to potential class members." Def. Mem. at 4 (quoting Hoffman, 982 F. Supp. at 261). In spite of the overwhelming Second Circuit authority to the contrary, Defendants make a jumbled "public policy and statutory argument" relying partially on dicta from the Eleventh Circuit and then ultimately on an unpersuasive Seventh Circuit decision. Defendants' feeble argument cannot

5

overcome the established precedent from this Circuit and, as such, Plaintiffs respectfully request that this Court issue notice to prospective class members.

### IV. PLAINTIFFS' PROPOSED NOTICE IS PROPER AND SUFFICIENT

While Defendants maintain that the relevant notice period should be two years, the Fair Labor Standards Act ("FLSA") provides that "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255; Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999), holding modified by Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003).  Plaintiffs' affidavits and Amended Complaint clearly allege that Defendants' violations of the FLSA were willful, thus giving rise to a three year statute of limitations.  Amended Compl. ¶¶ 79, 84, 87; see also Bouzzi Reply Aff., ¶¶ 5-14; Guaman Reply Aff., ¶¶ 4-13; Sanchez Aff., ¶¶ 4-13; Caranzza Aff., ¶¶ 4-11.

Moreover, "[w]here willfulness is disputed, the court [should] appl[y] the three-year statute of limitations for purposes of certifying a representative action."  See McBeth v. Gabrielli Truck Sales, Ltd., 09 CV 4112 (LDW), 2011 WL 338123, *2 (E.D.N.Y. Feb. 3, 2011). Defendants' willfulness – and, in turn, the three year statute of limitations and notice period – is further evidenced by Defendants' failure to post notice of rights under the FLSA under 29 C.F.R. § 516.4; see also Iglesias-Mendoza, et al. v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007).  Since Defendants did not post notice required by the FLSA under 29 C.F.R. § 516.4, the appropriate course is to certify the FLSA opt-in class for a period likely to encompass all unnoticed potential plaintiffs.  Id.  This practice allows Plaintiffs full discovery on the adequacy of notice and the applicability of equitable tolling.  Id.  According to Plaintiffs, Defendants never posted in any manner, much less conspicuously, notice of rights under the FLSA.  See Bouzzi Reply Aff., ¶ 14; Guaman Reply Aff., ¶ 13; Sanchez Aff., ¶ 13; Caranzza Aff., ¶ 11.  Nor,

through the course of discovery to date, have Defendants provided any documentation to show that they did in fact comply with the FLSA's notice posting requirements.[5]

Despite Defendants' claim to the contrary, posting Plaintiffs' notice at Defendants' Pine Queens and Pine Bronx locations, in addition to sending notice through the mail, is also appropriate. "[I]t will not be overly burdensome to require defendant to post a hard copy of the class notice on each of its employee common area bulletin boards." Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008); see also Sherrill v. Sutherland Global Services, Inc., 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) ("[Defendant] is hereby required to post continuous notice of this action and opt-in forms in a conspicuous location in each of its call centers during the ninety-day opt-in period."). Similarly, in Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010), this Court ordered Plaintiff's notice to be posted "at all three of defendants' business locations." Id. Eastern District courts have even gone as far as to authorize that plaintiffs' notice be published in a local newspaper in some circumstances, holding that "[s]uch notice is appropriate, and in any event, is not clearly erroneous or contrary to law." Gortat v. Capala Bros., Inc., 07-CV-3629 (ILG), 2010 WL 1423018, *13 (E.D.N.Y. Apr. 9, 2010). Therefore, the case law supports the posting of Plaintiffs Notice of Pendency in a conspicuous location at both Pine Queens and Pine Bronx.

Defendants misstate the law in arguing that "plaintiffs are only authorized to send notice of the lawsuit." Def. Mem. at 14. None of the three cases cited by Defendants, Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989), Braunstein, or Hoffman, support their claim that

---

[5] See also Baba v. Grand Cent. P'ship, Inc., 99 CIV. 5818 (TPG), 2000 WL 1808971 (S.D.N.Y. Dec. 8, 2000) ("There is authority to the effect that the failure to post the required notice equitably tolls the statute of limitations unless and until an employee has actual notice of his rights.") (citing Kamens v. Summit Stainless, Inc., 586 F.Supp. 324, 328 (E.D.Pa.1984)).

7

Plaintiffs' Notice must be confined strictly to providing notice of the pending lawsuit. While the Supreme Court in Hoffman-La Roche explained that "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality," 493 U.S. at 174, it provided no further instructions as to what constitutes a proper Notice.

Plaintiffs' Notice is substantially similar to previous notices approved by courts in the Second Circuit. See Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003); see also Ex. E; Ex. F. Despite Defendants' argument otherwise, the statement in the Notice that "Defendants will not be able to make any inquiries into your immigration status," is appropriate and supported by case law within the Second Circuit. Courts in this Circuit, such as in Flores v. Amigon, 233 F. Supp. 2d 462, 464-65 (E.D.N.Y. 2002), have held that when dealing with work already completed by a plaintiff, "[n]ot only does this Court find that the [immigration records are] not relevant to defendant's defense, but… even if [they] were, the potential for prejudice far outweighs whatever minimal probative value such information would have." See also Zeng Liu v. Donna Karan Int'l, Inc., 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002) ("[C]ourts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable."). Moreover, Defendants' request for language stating that "it is possible if you opt into this action that the Court will permit Defendants to inquire into your immigration status" is wholly unsupported by the law and represents a blatant, contemptible intent by Defendants to intimidate potential opt-in plaintiffs from filing consent forms to join this action.

Defendants' additional arguments against approval of Plaintiffs' Notice of Pendency are increasingly frivolous and, in some instances, nearly sanctionable. First, providing potential

plaintiffs with notice that they are protected from retaliation in the event that they join the lawsuit is a standard and important provision. See Gjurovich, 282 F. Supp. 2d at 106; see also Ex. E; Ex. F.  Defendants' argument that such a clause should not be included is both in bad faith and consistent with Defendants' approach from the outset of this litigation to take every possible measure to obstruct similarly situated plaintiffs from vindicating their legal rights.

Second, Defendants' proposed language that "the failure to have records may result in the case being dismissed" is at best misleading and at worst flatly dishonest.  In FLSA cases, "the employer is obligated to maintain records of wages and hours . . . In the absence of documentation, the employee may rely on his own recollection to meet his initial burden . . . in which case the employer must proffer evidence sufficient to rebut that recollection." Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008) (internal citation omitted); Reich v. S. New England Tels. Corp., 121 F.3d 58, 66 (2d Cir. 1997).  Therefore, potential opt-in plaintiffs' failure to possess records, especially in light of Plaintiffs' allegation that Defendants unlawfully failed to maintain records, Amended Compl. ¶ 66, is not likely to lead to the dismissal of their case, and certainly is not proper content for the proposed Notice.

Third, although it seemingly eluded Defendants in their review of the proposed Notice, Plaintiffs' Notice clearly does state that "[i]f you do choose to join this action, you and Plaintiffs will be bound by any ruling, judgment, award or settlement, whether favorable or unfavorable."[6] Fourth, Defendants apparently had a similar lapse of judgment when proposing language that "you may be required to produce certain records and documents including tax documents to Defendants and the Court which may be made public."  In the March 8, 2011 Order denying the Defendants' formal request for these very records from the named Plaintiffs, this Court found

---

[6] Plaintiffs are also at a loss to explain Defendants' argument that there are claims unrelated to those under the FLSA which potential opt-in plaintiffs would have no vested interest.

9

that "defendants have failed to demonstrate a compelling need for the[se] documents." Ex. G. Defendants' persistence in again raising an issue already decided by this Court a mere eight days before they submitted this opposition clearly evinces Defendants' true motivation for attempting to include this language in the proposed Notice: namely, to intimidate potential plaintiffs from opting in and vindicating their legal rights.[7]

Lastly, Defendants' proposal to include language pressuring potential plaintiffs to call their employer (i.e., the Defendants) to settle the case privately is an outrageous, underhanded and likely sanctionable attempt to dispose of potential plaintiffs' cases without first providing them the opportunity to receive the assistance of counsel. Additionally, and just as offensively, Defendants' proposed language wrongfully solicits the favor of potential plaintiffs by stating that "[i]f you settle with your employer you will not have to produce any records or otherwise discuss your immigration or employment status." Def. Mem. at 18.[8] The FLSA collective action is intended to serve a broad remedial purpose for those individuals who would not otherwise be able to bring suits individually. See Patton, 364 F. Supp. 2d at 268. Each of the above proposed changes to Plaintiffs' Notice is a blatant attempt to contravene this vital purpose of the FLSA and seeks to create a chilling effect against potential plaintiffs pursuing their claims against Defendants, something made clear by Defendants' positions throughout this litigation.

---

[7] Defendants' similar threats regarding the need to testify and/or be liable for the costs of said depositions are also objectionable. Not only are these representative of the litany of inappropriate content proposed by Defendants, they are also without merit. In collective actions such as this, it is unlikely that many opt-in plaintiffs will be subjected to depositions, especially where, as here, the named Plaintiffs are more than adequate to represent the entire collective.

[8] For many of these same reasons regarding Defendants' spurious motives, and in no situation would potential opt-in plaintiffs become represented by defense counsel, it is clear that defense counsel's contact information should not be listed on the Notice. It is also disingenuous for Defendants to argue any point concerning potential opt-in plaintiffs' accountability for costs and fees due to Plaintiffs' counsel, where it is clearly outlined that Plaintiffs' counsel is being paid on a contingency and/or statutory basis, and that the conditions of legal representation will be contained in an appropriate fee agreement.

**CONCLUSION**

For the reasons set forth above and in Plaintiffs' initial memorandum of law, Plaintiffs respectfully request that the Court (1) certify this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b); (2) approve the proposed Notice of Pendency and Plaintiff Consent Form; and (3) order the Defendants to provide the names, last known addresses, telephone numbers, email addresses, and Social Security numbers of all waiters, bartenders, barbacks, busboys, runners, dishwashers, cooks, and all other persons working in a similar capacity employed by Defendants from February 3, 2007 to the present.

Dated: New York, New York  
       March 22, 2011

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____  
    Scott B. Gilly  
    Basil C. Sitaras

85 Fifth Avenue  
New York, NY 10003  
Tel. (212) 257-6800  
Fax. (212) 257-6845  
sgilly@twglaw.com  
bsitaras@twglaw.com

*ATTORNEYS FOR PLAINTIFFS*