**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

ABDELLAH BOUZZI, LUIS GUAMAN, RAUL
ECHEVARRIA, YOLANDA CASTRO, MARIO
RAMALEZ, GUBELKIS CASTRO, JAMIE
PAREDES, ROLANDO LIRIANO, NOE
VARGARA-CAMPOS, MILDRED SANTANA,
and OSCAR CARRANZA on behalf of themselves
individually, and on behalf of all similarly situated
employees,

                         Plaintiffs,

        - against -

F & J PINE RESTAURANT, LLC, d/b/a THE
PINE RESTAURANT GROUP and/or THE PINE
RESTAURANT; THE PINE RESTAURANT
GROUP; THE PINE RESTAURANT; 4AKIDS,
LLC; A&C PINE PROPERTIES; F&J PINE
RESTAURANT; PINE RESTAURANT OF
QUEENS; CHARLES ROSE, in his official and
individual capacities; ANTHONY BASTONE, in
his official and individual capacities; and DOES 1-5
d/b/a THE PINE RESTAURANT,

                   Defendants.

-----------------------------------------------------------------X

Case No. 10 CV 0457 (DLI)(CLP)

Date of Service: 3/24/2011

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO RULE 72 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, Mario Ramalez, Gubelkis Castro, Jamie Paredes, Rolando Liriano, Noe Vargara-Campos, Mildred Santana and Oscar Carranza (collectively, "Plaintiffs") submit this memorandum of law in opposition to Defendants' motion pursuant to Fed. R. Civ. Proc. 72(a) ("Rule 72"), objecting to the order of Magistrate Judge Cheryl L. Pollak, dated March 8, 2011 (the "Order"), which denied Defendants' motion to compel, inter alia, the production of tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers.  See Ex. A.[1]

## PRELIMINARY STATEMENT

From the outset of this case, Defendants have vigorously pursued a strategy intended to both harass Plaintiffs and delay litigation at every possible turn.  Defendants' current challenge of Magistrate Judge Pollak's Order unequivocally fails to satisfy the lofty "clearly erroneous" or "contrary to law" standard required to overturn it, and also serves as yet another example of Defendants' frivolous tactics to further delay the proceedings and intimidate Plaintiffs.  In Defendants' current Rule 72 motion for reconsideration, they misstate the applicable standard of review, incorrectly apply the relevant case law, and fabricate facts when it best serves their interests.  Therefore, Defendants' request for the tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers for the previous six years in an FLSA action is not supported by the law and was properly denied by Magistrate Judge Pollak.

## FACTS

Defendants served Plaintiffs with their first and only set of interrogatories and document requests on June 30, 2010.  Plaintiffs responded to these discovery requests on August 6, 2010.

---

[1] Unless otherwise noted, all exhibits cited to herein are annexed to the Declaration of Basil C. Sitaras, dated March 24, 2011.

After several attempts by Plaintiffs to meet-and-confer and to resolve outstanding discovery issues without judicial intervention, Magistrate Judge Pollak directed the parties to outline all claimed discovery deficiencies in a December 7, 2010 joint letter to the Court, more than four full months after Plaintiffs responded to Defendants' discovery requests.  In the joint letter, while Plaintiffs detailed their position on the outstanding discovery disputes about which the parties had met and conferred, Defendants did not.  See Ex. B.  As such, by Order dated December 14, 2010, Magistrate Judge Pollak generously provided Defendants one final opportunity until December 31, 2010 "to submit more detailed objections [regarding Plaintiffs' discovery responses]... or waive any objections they may have to Plaintiffs' responses."  Defendants' December 30, 2010 letter to the Court made no mention of Plaintiffs' refusal to produce tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers.  See Ex. C.

It was then not until March 1, 2011 that Defendants moved, via letter motion to Magistrate Judge Pollak, to compel the production of the requested documents.  See Ex. E.  Plaintiffs timely responded to this motion on March 4, 2011.  See Ex. F.  Magistrate Judge Pollak issued her Order on March 8, 2011, denying in full Defendants' motion to compel production of tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers.  See Ex. A

## ARGUMENT

### I.      STANDARD OF REVIEW

Contrary to Defendants' contention that a de novo review is the applicable standard on a Rule 72 appeal, see Affidavit of Christopher Smith, dated March 17, 2011 ("Smith Aff."), ¶ 6, simply reading the text of the rule plainly makes clear that, when reviewing a magistrate judge's

order on a non-dispositive issue, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is <u>clearly erroneous or is contrary to law</u>." (emphasis added).  Fed. R. Civ. P. 72.  "Because pretrial discovery matters are generally considered 'non-dispositive,' they are reviewed under this 'clearly erroneous' standard." <u>Wilson v. City of New York</u>, 06CV229(ARR)(VVP), 2008 WL 1994860, *3 (E.D.N.Y. May 8, 2008) (internal citation omitted).

Given this lofty standard, "[a] party seeking to overturn a magistrate judge's discovery order bears a 'heavy burden.'" <u>Id.</u>  A magistrate judge's finding is only clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." <u>Id.</u> (internal quotation omitted).  "Pursuant to this highly deferential standard of review, a magistrate judge is afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." <u>Lyondell-Citgo Ref., LP v. Petroleos de Venezuela, S.A.</u>, 02 CIV. 0795 (CBM), 2005 WL 1026461, *3 (S.D.N.Y. May 2, 2005) (internal quotation omitted).

## II. MAGISTRATE JUDGE POLLAK'S ORDER IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW, AS PRODUCTION OF DOCUMENTS REGARDING PLAINTIFFS' TAXES AND INCOME IN FLSA ACTIONS IS  UNSUPPORTED BY THE LAW OF THE SECOND CIRCUIT

The inappropriateness of Defendants' request for tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers in an FLSA action is well grounded in the law of the Second Circuit, and, therefore, Magistrate Judge Pollak's Order denying Defendants' motion to compel is not clearly erroneous or contrary to law.  As Magistrate Judge Pollak noted in her Order, with respect to tax records, "courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of

complete and accurate returns.'" <u>Carmody v. Vill. of Rockville Ctr.</u>, CV05-4907(SJF)(ETB), 2007 WL 2042807, *2 (E.D.N.Y. July 13, 2007) (quoting <u>Smith v. Bader</u>, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)).  In order to overcome the strong presumption against compelling production of tax records, "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." <u>Melendez v. Primavera Meats, Inc.</u>, 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (internal quotation omitted).  Defendants have made no showing whatsoever, let alone a showing sufficient to overcome the established presumption against requiring disclosure of individual plaintiffs' tax records in employment cases.  <u>See, e.g.</u>, <u>Melendez v. Primavera Meats, Inc.</u>, 270 F.R.D. 143 (E.D.N.Y. 2010) (granting plaintiffs' motion for protective order with respect to, <i>inter alia</i>, defendants' request for plaintiffs' tax returns in an FLSA action); <u>Uto v. Job Site Services Inc.</u>, 269 F.R.D. 209 (E.D.N.Y. 2010) (same); <u>Carmody v. Vill. of Rockville Ctr.</u>, 05 CV 4907 (SJF)(ETB), 2007 WL 2042807 (E.D.N.Y. July 13, 2007) (denying defendants' motion to compel the disclosure of plaintiff's federal income tax returns in employment discrimination matter).

Unable to rely on unfavorable case law, Defendants instead resort to outright misrepresentations of Plaintiffs' conduct during discovery, including utterly false accusations that Plaintiffs have been "stonewalling" discovery and refusing to appear for depositions, in their unavailing attempt to satisfy the applicable two prong test.  Defendants' accusations are, at best, blatant misrepresentations, if not deliberate lies.  As Plaintiffs made clear in their March 4, 2011 letter opposing Defendants' motion to compel, Plaintiffs have not "stonewalled" discovery in any way, shape or form.  <u>See</u> Ex. F.  To the contrary, it has been Defendants – and Defendants alone – who have been intent on delaying and obstructing discovery at every opportunity, as

evidenced by Defendants failure to raise the current issue until months after both the December

7, 2010 and December 31, 2010 Court imposed deadlines.[2]  It has been due to the diligent

prosecution of discovery in this case by Plaintiffs and the appropriate intervention of the Court

that discovery has progressed to any degree.

      In addition, Defendants' argument that they are entitled to the requested documents

because Plaintiffs "to date have not been made available for deposition purposes," Smith Aff. ¶

6, precluding Defendants' ability to obtain this information from a less intrusive source, is

preposterous.  While it is true that Defendants did previously serve Notices of Deposition, those

depositions have not been conducted because the parties <u>agreed</u> (as is commonly done in

litigation) to await substantial completion of document discovery before commencing with

depositions.  Indeed, there is not a single communication that Defendants can identify in the

history of this litigation to support the false accusation that Plaintiffs have not appeared for

depositions.  Furthermore, since Defendants' apparent stance on the timing of Plaintiffs'

depositions has changed, Plaintiffs are, and have been, ready and willing to discuss the

scheduling of depositions with Defendants' counsel forthwith.

      Lastly, assuming <u>arguendo</u> that Defendants' arguments to this Court raise a legitimate

question as to whether they are entitled to tax records and returns and any other documentation

---

[2] As previously stated, the December 14, 2010 Order "ordered [Defendants] to submit more detailed objections [regarding Plaintiffs' discovery responses] by December 31, 2010, <u>or waive any objections they may have to Plaintiffs' responses</u>." Ex. C (emphasis added).  Although not addressed by Magistrate Judge Pollak in her Order, in light of Defendants' failure to raise the issue until now, Plaintiffs also maintain that Defendants have waived their ability to compel production of Plaintiffs' tax records.  Despite clear notice of the consequences of their failure to detail all objections to Plaintiffs' discovery responses by December 31, 2010, Defendants' December 30, 2010 letter made <u>no</u> mention of Plaintiffs' refusal to produce tax records and/or tax authorizations.  Accordingly, Defendants waived any objection they might have had and were properly precluded from raising a completely new discovery issue in their March 1, 2011 application to the Court.

establishing Plaintiffs' sources of income or employers, they still unequivocally fail to prove that Magistrate Judge Pollak's decision was clearly erroneous or contrary to law.  In light of the deferential standard of review afforded to magistrate judges' decisions on non-dispositive issues, such as the one currently before this Court, it is not enough for Defendants to show that they might be entitled to tax records and returns and any other documentation establishing Plaintiffs' sources of income or employers.  Instead, in order to prevail, Defendants are charged with the task of instilling in this Court the "definite and firm conviction that a mistake has been committed." Wilson, 2008 WL 1994860 at *3.  While Magistrate Judge Pollak's Order was grounded in case law and binding precedent, Defendants – in their appeal – fail to cite a single authority, from this Circuit or otherwise, supporting their position.  Therefore, Plaintiffs respectfully submit that Defendants have failed to meet their substantial burden of establishing that Magistrate Judge Pollak's Order was clearly erroneous or contrary to law.

Finally, Defendants' instant motion is in keeping with a long line of frivolous submissions intended to increase the burdens of prosecuting Plaintiffs' claims and to delay this case.  This is most clearly demonstrated by Defendants' abject failure to even properly recite the correct standard for their own motion.  Thus, in addition to denying Defendants' instant motion, Plaintiffs also respectfully request that the Court grant Plaintiffs their reasonable attorneys' fees and costs incurred in opposing yet another baseless submission designed to burden Plaintiffs (and, in turn, the Court).

## CONCLUSION

Based on the foregoing reasons, Plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, Mario Ramalez, Gubelkis Castro, Jamie Paredes, Rolando Liriano, Noe Vargara-Campos, Mildred Santana and Oscar Carranza respectfully request that Defendants' motion pursuant to Rule 72 be denied in its entirety, and for such other and further relief deemed just and proper.

Dated: New York, New York          Respectfully submitted,
       March 24, 2011
                                   THOMPSON WIGDOR & GILLY LLP

                           By:     _____
                                   Scott B. Gilly
                                   Basil C. Sitaras

                                   85 Fifth Avenue
                                   New York, NY 10003
                                   Tel. (212) 257-6800
                                   Fax. (212) 257-6845
                                   sgilly@twglaw.com
                                   bsitaras@twglaw.com

                                   *ATTORNEYS FOR PLAINTIFFS*