

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Scott B. Gilly**
sgilly@twglaw.com

April 19, 2011

**VIA ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    <u>Bouzzi, et al. v. F&J Pine Restaurant LLC, et al., 10-CV-00457 (DLI)(CLP)</u>

Dear Judge Pollak:

We represent the Plaintiffs in this matter and write in response to Defendants' April 15, 2011 letter.  Your Honor invited further submission on two issues only: (1) whether Defendants could provide any authority for the proposition that the Court may draw a negative inference as to any current opt-in Plaintiff who failed to submit an affidavit in support of the pending motion for conditional certification; and (2) whether Defendants could provide any authority for their request to include language in the proposed notice affirmatively informing potential opt-in candidates that they may seek to directly settle claims with Defendants and/or their counsel.  <u>See</u> Tr. 15:9-16:8; 46:17-47:10.  Defendants' submission improperly makes additional, untimely arguments that the Court should reject as exceeding the issues on which the Court agreed to receive further submissions.  On the issues actually requested by the Court, Defendants' submission woefully fails to support their position on either issue.

As to this first issue, the only "authority" which Defendants apparently could locate was a New York state intermediate appellate court decision pertaining to a <u>criminal</u> matter which has absolutely no relevance or precedential effect here.  Clearly, <u>People v. Husband</u>, 135 A.D. 406 (1st Dep't 1987), does not support Defendants' unfounded position that Plaintiffs' decision to include affidavits from a only sampling of the opt-in Plaintiffs should create a negative inference with respect to conditional certification.  Thus, Plaintiffs again request that the Court wholly disregard Defendants' unsupported argument.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Hon. Cheryl L. Pollak
April 19, 2011
Page 2

Secondly, Plaintiffs respectfully request that the Court strike or completely disregard the Notice of Right to Join which Defendants submitted from Musarra v. Digital Dish, Inc., C2-05-545, 2008 WL 818692 (S.D. Ohio Mar. 24, 2008), as it does not contain Defendants' proposed language advising potential opt-ins that direct settlement of claims with Defendants is available to them, nor does it otherwise support such an unprecedented notice provision. Moreover, not only were Defendants again unable to provide any authority from within the Second Circuit, they could not even bother to assure that they cited the correct court and jurisdiction of the Musarra case. This notice offers no value in the Court's formulation of a proper Notice in this action.

As Your Honor knows, counsel for Defendants, Christopher Smith, Esq., openly admitted in Court that Defendants have procured purported releases from several employees of the Pine Bronx restaurant. See Tr. 19:5-22:20. Not only is this patently illegal, but Plaintiffs would also request that the Court take this as further evidence in support of conditionally certifying the collective action for both the Pine Queens and Pine Bronx locations because it constitutes an admission that Defendants' pay practices at Pine Bronx are unlawful.

At the outset, such releases are unenforceable as a matter of law. "Traditionally, [the] FLSA placed strict limits on an employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216 for fear that employers would coerce employees into settlement and waiver." Manning v. New York Univ., 98-CV-3300(NRB), 2001 WL 963982 (S.D.N.Y. Aug. 22, 2001), aff'd, 299 F.3d 156 (2d Cir. 2002) (citing Barrentine v. Arkansas-Best Freight System, 450 U.S. 728 (1981); Brooklyn Savings Bank v. O'Neill, 324 U.S. 697, 706-7 (1945)); see also D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946) (same). Indeed, "the FLSA 'expressly prohibits' settlement of a claim for unpaid wages or unpaid overtime without the supervision of the Secretary of Labor, or pursuant to judicially supervised stipulated settlements. Thus, the affidavits procured by defendants do not constitute effective waivers of FLSA claims or otherwise preclude certification as a collective action." Gortat v. Capala Bros., Inc., 07-CV-3629 (ILG)(SMG), 2009 WL 3347091 (E.D.N.Y. Oct. 16, 2009), report and recommendation adopted, 07-CV-3629 (ILG), 2010 WL 1423018, *9 (E.D.N.Y. Apr. 9, 2010) (citing Simel v. JP Morgan Chase, 05-CV-9750 (GBD), 2007 WL 809689, at *4 (citing 29 U.S.C. § 216(c) and collecting cases)).

Accordingly, the Court should reject Defendants' argument that any current or former employees who signed releases must be excluded from receiving the notice of pendency of this action. Inclusion of these employees within the collective action is established in the recent case of Lujan v. Cabana Mgmt., Inc., 10-CV-755 (ILG) (RLM), 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011). In Lujan, even where the settlements at issue were supervised by the Department of Labor, "the Court consider[ed] it premature to give preclusive effect to the waivers in question at this preliminary [certification] stage of the litigation, as the Court [could not] yet determine

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Hon. Cheryl L. Pollak
April 19, 2011
Page 3

whether and how the waivers affect[ed] the rights of each plaintiff and potential plaintiff. Id., at *11 (citing Roebuck v. Hudson Valley Farms, Inc., 239 F.Supp.2d 234, 240 (N.D.N.Y. 2002)). Where, as here, the admitted releases have been obtained in violation of the FLSA, and where they cannot operate to waive potential opt-in plaintiffs' FLSA claims, there clearly is no basis to exclude these individuals from receiving notice.

Lastly, it is clear that Defendants' additional arguments are either moot, untimely, or outside the scope of those topics for which Your Honor invited further submissions (or all of the above). For example, the proposed notice already includes language similar to that reiterated by Defendants: (1) "The Court, however, has not made any rulings or determinations of any kind on the merits of Plaintiffs' or Defendants' positions;" (2) "It is entirely your own decision whether or not to join this lawsuit.  You are not required to take any action unless you so desire;" (3) "If you do choose to join this action, you and Plaintiffs will be bound by any ruling, judgment, award or settlement, whether favorable or unfavorable . . . if they lose, no money will be awarded, and you will not be able to file another lawsuit regarding the disputed hours of work and amount of wages paid; and (4) "[Y]ou may choose to be represented by counsel of your own selection, or you may agree to representation by Plaintiffs' counsel."  Moreover, Defendants' contention that this action may entail inquiry into potential opt-ins' immigration status and reliance on Hoffman Plastic Compounds, Inc. v. N.L.R.B., 535 U.S. 137 (2002) is misplaced. Defendants apparently overlooked this Court's holding in Flores v. Amigon, wherein Your Honor distinguished Hoffman and found that "it is arguable that enforcing the FLSA's provisions requiring employers to pay proper wages to undocumented aliens when the work has been performed actually furthers the goal of the [Immigration Reform and Control Act of 1986]."  233 F. Supp. 2d 462, 464 (E.D.N.Y. 2002).

Defendants' remaining arguments relating to the proposed notice's specific language of the "To:" section and the clause instructing potential opt-in candidates to contact Plaintiffs' counsel with any question have already been fully-briefed by the parties, and are outside of the scope of issues for which Your Honor invited further submissions.  However, in brief rebuttal, Defendants have again failed to provide any authority or precedent for their position that Plaintiffs' counsel is not permitted to speak to potential opt-in candidates if it is the individuals who initiate contact with counsel.  Thus, in addition to the fact there has not been one instance of bad faith on part of Plaintiffs or their counsel since the outset of this litigation, and given the legion of examples of bad faith by Defendants and their counsel, a formal Order restricting Plaintiffs' counsel's contact with potential opt-in candidates is unnecessary and unjustified.

Wherefore, in light of the above, Plaintiffs respectfully request that the Court: (1) certify this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b); (2) approve the

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Hon. Cheryl L. Pollak
April 19, 2011
Page 4

previously-submitted Notice of Pendency and Plaintiff Consent Form; and (3) order the Defendants to provide the names, last known addresses, telephone numbers, email addresses, and Social Security numbers of all waiters, bartenders, barbacks, busboys, runners, dishwashers, cooks, and all other persons working in a similar capacity employed by Defendants from February 3, 2007 to the present.

Thank you for your consideration.

Respectfully submitted,

Scott B. Gilly

cc:     Christopher Smith, Esq.