UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ABDELLAH BOUZZI, et al., on behalf
of themselves individually and on behalf
of all other similarly situated employees,

                                              **REPORT &**
                                              **RECOMMENDATION**

                 Plaintiffs,

                                              10 CV 457 (DLI)

       - against -

F&J PINE RESTAURANT, et al.,

                 Defendants.
-------------------------------------------------------X

On February 3, 2010, plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria,

Yolanda Castro, and Mario Ramalez brought this action on behalf of themselves and all others

similarly situated against defendants F & J Pine Restaurant Group, Charles Rose, Anthony

Bastone, and five unnamed defendants.[1]  Plaintiffs brought this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law § 190 et seq.,

seeking damages for "the wages they earned but which Defendants failed to pay." (Am. Compl.

¶ 2).  Presently pending before this Court is the parties' joint motion to approve the proposed

settlement as fair and to determine whether the settlement agreement should be filed under seal.


FACTUAL BACKGROUND

Plaintiffs allege that defendants operate a chain of restaurants, including one restaurant in

Queens and one restaurant in the Bronx. (Am. Compl.[2] ¶¶ 1, 8).  Plaintiffs, residents of Queens

---

[1]On January 18, 2011, plaintiffs filed an Amended Complaint, adding a number of parties
to the action.

[2]Citations to "Am. Compl." refer to the Amended Complaint, which was filed on January
18, 2011.

and New York Counties, allege that they worked as waiters, busboys, barbacks, runners, and cooks at the restaurants. Plaintiffs allege that during the time they were employed by defendants, defendants "forced Plaintiffs to work shifts that lasted up to 14 hours, especially during baseball and holiday seasons when Pine Restaurant would routinely stay open until 4:00 a.m." (Id. ¶ 2). According to plaintiffs, defendants "failed to pay Plaintiffs the federal and state minimum wage and overtime premiums to which they were entitled, unlawfully confiscated their tips, failed to pay Plaintiffs the spread of hours premium, and failed to compensate Plaintiffs" for the purchase and care of uniforms they were required to wear by defendants. (Id.)

Plaintiffs filed this action on February 3, 2010, and on April 2, 2010, defendants filed a motion to dismiss. While the motion to dismiss was pending, the parties proceeded with discovery. On January 10, 2011, the district court denied the motion to dismiss. On February 11, 2011, plaintiffs filed a motion for preliminary certification of their FLSA claims as a collective action. Shortly after the motion was fully briefed, the parties filed a letter to request that consideration of the motion be stayed because settlement discussions were proving fruitful. On July 5, 2011, the parties submitted a letter notifying the Court that the parties had reached a settlement. The letter further requested that the settlement agreement be filed under seal. The district court referred the matter to the undersigned to make a determination as to the fairness of the settlement. On July 8, 2011, this Court Ordered the parties to submit briefing in support of their request to file the settlement agreement under seal. The parties submitted briefing on July 18, 2011, and the Court held a hearing on August 2, 2011.

After considering the parties' submissions, the Court respectfully recommends that the settlement be approved as fair. However, the Court further recommends that the parties' request to file the settlement agreement under seal be denied.

DISCUSSION

A. <u>Fairness of the Proposed Settlement Agreement</u>

Under the FLSA, the Court must determine whether the proposed settlement agreement is fair. "'There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, . . . the Secretary of Labor is authorized to supervise payment to employees of unpaid wages to them. Second[,] when employees being a private action for back wages under the FLSA . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" <u>Joo v. Kitchen Table, Inc.</u>, 763 F. Supp. 2d 643 (S.D.N.Y. 2011) (quoting <u>Manning v. N.Y. Univ.</u>, No. 98 Civ. 3300, 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2011)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." <u>Willix v. Healthfirst, Inc.</u>, No. 07 Civ. 1143, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." <u>Id.</u>

The parties have submitted for <u>in camera</u> review both the settlement agreement with the amounts to be paid to each named plaintiff and each opt-in plaintiff to date. The settlement agreed upon is for a sum certain, from which attorney's fees and costs are first deducted. The remainder of the money is distributed among the plaintiffs in amounts proportional to their share of the total damages claimed. For example, if one plaintiff's claimed damages amounted to 10% of the total damages claimed by all plaintiffs, that plaintiff would recover 10% of the settlement amount after the deduction of fees and costs.

In addition to the breakdown of settlement amounts, plaintiffs' counsel has also submitted their own breakdown of total amounts believed to be owed each plaintiff which, had they

3

received a favorable outcome at trial, would represent the full anticipated recovery. The Court has compared the amounts which will be paid under the settlement agreement to counsel's projected maximum recovery amounts.

After reviewing the submitted calculations, the Court concludes that plaintiffs' recovery under the settlement agreement is a fair and reasonable settlement of their claims. This Court has not only supervised discovery in this case, but has also supervised a number of settlement conferences between the parties. In view of these settlement conferences, as well as the adversarial nature of this hard-fought case, the Court concludes that the settlement was the outcome of arms-length negotiations.

Given the amounts to be recovered, the arms-length negotiations between the parties, and the unavoidable risks and delays that would attend taking the case to trial, the Court finds that the amount received by each plaintiff under the proposed settlement is fair and reasonable. Accordingly, the Court respectfully recommends that the settlement be approved as fair and reasonable.

B. Sealing the Proposed Settlement Agreement

Turning to the parties' joint request to maintain the settlement agreement under seal, it is generally accepted that settlement agreements are not "judicial documents." Therefore, settlement agreements are generally not subject to a presumption of public access, but "FLSA cases are different." Hens v. Clientlogic Operating Corp., No. 05 CV 381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010). In Hens v. Clientlogic Operating Corp., the court identified two reasons for this difference: "First is the general public interest in the content of documents upon

4

which a court's decision is based, including a determination of whether to approve a settlement." Id. (citing Jessup v. Luther, 277 F.3d 929, 929-30 (7th Cir. 2002)). "Second is the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees['] wages are fair and thus do not endanger 'the national health and well-being.'" Id. (quoting Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003)). Accordingly, the Hens court held that "there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view . . . ." Id. (quotations omitted).

Other courts in the Second Circuit have also expressed misgivings about approving confidential settlements in FLSA actions. "[T]he approval process is a judicial act . . . [and] [a]ny document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies." Lin v. Comprehensive Health Mgmt., Inc., No. 08 Civ. 6519, 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009). In Lin, the Court stated that it would "not be party to an effort to circumvent public access by having the settlement amount divulged to the Court orally and not reflected in a document so that there will be no document to which the public's right of access can attach." Id.; but see Suda v. Sushiden Corp., No. 10 Civ. 5692, 2011 WL 1210206, at *1 (S.D.N.Y. Mar. 23, 2011) (allowing parties to redact the amount of settlement payments).

Defendants cite two cases in which the district court has agreed to seal an FLSA settlement.[3] In both cases, although the courts agreed to allow an FLSA settlement to be filed

---

[3]Defendants also cite a number of cases outside the sphere of FLSA litigation in which district courts have approved a motion to seal a settlement agreement. Such cases do not implicate the policy concerns present in FLSA cases and are therefore of limited relevance.

under seal, neither court provided any legal or policy justification for doing so. See Medley v. American Cancer Society, No. 10 CV 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010); Viada v. Osaka Health Spa, Inc., No. 04 CV 2744, 2006 U.S. Dist. LEXIS 84744 (S.D.N.Y. Apr. 9, 2004). As the court in Hens v. Clientlogic Operating Corp. noted, these results appear to be "anomal[ies]," and subsequent decisions in federal courts have reaffirmed the presumption of public access. 2010 WL 4340919, at *3 (citing cases).

Defendants present a number of policy considerations which they argue overcome the presumption of public access, including the following: "(1) confidentiality is a material condition of the settlement agreement without which settlement will not be feasible, (2) public disclosure of the terms of the settlement may harm Defendant by encouraging other lawsuits, and (3) sealing will minimize the possibility of manipulation of the settlement process." (Defs.' Let.[4] at 4). These arguments are of note for two reasons: first, they are copied verbatim from the opinion in Hens v. Clientlogic Operating Corp., 2010 WL 4340919, at *3, without any indication of their source.[5] More importantly, the court in Hens rejected those very arguments as insufficient to overcome the presumption of public access.

Even if confidentiality was a material term of a settlement, "[c]ourts that have considered this sort of justification . . . have rejected it." Joo v. Kitchen Table, Inc., 763 F. Supp. 2d at 648. Indeed, were such a justification sufficient to overcome the presumption of public access, the presumption would lose all meaning because parties would, as a matter of course, demand

---

[4]Citations to "Defs.' Let." refers to the letter motion filed by defendants on July 18, 2011.

[5]Indeed, defendants use a number of arguments rejected in Hens. For example, defendants argue that the settlement agreement is not a "judicial document[]" because the Court "is not being requested to interpret or enforce the settlement agreement." (Defs.' Let. at 2). This argument was raised and explicitly rejected by the court in Hens. 2010 WL 4340919, at *2-3.

confidentiality as a negotiated term of the settlement.

The second justification, that public access to the settlement agreement may "encourag[e] other lawsuits," is unconvincing for two reasons. First, the parties have not substantiated their fear of future litigation with any evidence. Second, yielding to such a concern would frustrate the purposes of the FLSA: "vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA." Hens v. Clientlogic Operating Corp., 2010 WL 4340919, at *4 (quotations omitted).

Lastly, defendants fail to expand upon their concern that "manipulation of the settlement process" may occur if the settlement agreement is not filed under seal. Without any elaboration upon this argument, the Court cannot conclude that it serves as a sufficient justification to grant the motion for sealing.

The three arguments made by defendants are insufficient, individually or in sum, to overcome the presumption of public access attached to FLSA settlement documents. To the extent that defendants attempt to persuade the Court to jettison this presumption as counterproductive or outdated (see Defs.' Let. at 3-4), the Court is unconvinced. "Congress has made a judgment to limit the available avenues of settlement to those supervised by the Secretary of Labor and those that are judicially approved; this channeling of settlement avenues overrides any general judicial policy in favor of settlement." Joo v. Kitchen Table, Inc., 763 F. Supp. 2d at 647. Indeed, if Congress intended to require judicial oversight while still allowing for confidential settlement agreements, it could have explicitly included such a provision in the

7

statute, or allowed for extrajudicial settlement of FLSA claims.[6] Congress has made its determination, and "[i]t is not for this Court to decide otherwise." Id.

The Court finds that the parties have failed to overcome the presumption of public access generally accorded to FLSA settlements. Accordingly, the Court respectfully recommends that the motion to file the settlement agreement under seal be denied.

### C. Partial Sealing

Defendants request that, if the Court "will not entertain a full seal," the Court should consider sealing the amount of payments each Plaintiff received and the total aggregate settlement amount "for privacy reasons." (Defs.' Let. at 4-5). The parties provide no authority that would support an order allowing the redaction and/or sealing of the amounts contained in the settlement agreement in the context of an FLSA case. Accordingly, the Court respectfully recommends that this request be denied as well. However, if the parties wish to present authority in support of this request, they may do so by August 26, 2011, and the Court will consider sealing the amounts contained in the settlement, or, alternatively, sealing all amounts except the amount of attorney's fees recovered.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure

---

[6]Defendants ask that the Court "not act as a 'super-legislature' and leave to Congress the issue of whether FLSA settlement agreements must be public documents." (Defs.' Let. at 2-3). Without further probing defendants' misapprehension of the nature of the interaction between federal courts and Congress, the Court is confident that interpreting the FLSA in conjunction with underlying principles and presumptions such as the presumption of public access does not undermine the balance of power between Congress and the judiciary.

to file objections within the specified time waives the right to appeal the District Court's order.

See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health &

Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 19, 2011

Cheryl L. Pollak
United States Magistrate Judge

9