UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ABDELLAH BOUZZI, et al., on behalf of themselves individually,
and on behalf of all similarly situated employees,

              Plaintiffs,

                     10 CV 0457(DLI) (CLP)

    -against-

F&J PINE RESTAURANT, LLC, et al.,

              Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' OBJECTION TO THAT PART OF THE 8/19/11 REPORT AND RECOMMENDATION DENYING DEFENDANTS' UNOPPOSED MOTION TO SEAL THE SETTLEMENT AGREEMENT**

            Respectfully submitted,

            TRIVELLA & FORTE, LLP
            Attorneys for the Defendants
            by: CHRISTOPHER A. SMITH, Of Counsel (CS 9014)
            1311 Mamaroneck Avenue, Suite 170
            White Plains, New York 10605
            (914) 949-9075/949-4752(facsimile)

## **TABLE OF CONTENTS**

*TABLE OF CONTENTS* ............................................................................................................... *1*
*OBJECTION*.................................................................................................................................. *1*
*PRELIMINARY STATEMENT* .................................................................................................... *1*
*FACTS*........................................................................................................................................... *2*
*DISCUSSION* ............................................................................................................................... *2*
*Requiring Publication of Private FLSA Settlement Agreements Frustrates' Congress' Public Policy Objective of Encouraging the Prompt Settlement of Wage Claims* ................................. *2*
*Good Cause Exists for Sealing the Settlement Agreement at Least for a Set Time Period* ........ *8*
*CONCLUSION*.............................................................................................................................. *9*

## **TABLE OF AUTHORITIES**

**Cases**

Baker v. Dolgencorp, Inc., --- F.Supp.2d ----, 2011 WL 166257 at *2 (E.D.Va. 2011) ................ 6
Brown v. McDonald and Co. Ins. Agency, Inc., slip op. 5:10-cv-232-Oc-10GRJ (M.D. Fla. Oct. 13, 2010) ........................................................................................................................... 5
Buscemi v. The Kroger Co. of Ohio, slip op. No. 3:10-cv-00078-RV-EMT (N.D. Fla. Nov. 5, 2010) .................................................................................................................................. 5
DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 827 .............................................................. 8
Gulf & Western Industries, Inc., 615 F.2d 527 (D.C. Cir. 1979) ..................................................... 5
Kearce v. Bing Top Trampoline, Inc., slip op. No. 4:10-cv-140-RH-WCS (N.D. Fla. .................. 5
Murphy v. Dolgencorp, Inc. Slip Copy, 2010 WL 4261310 (W.D.Va. 2010) ........................ 9, 10
Niland v. Delta Recycling Corp ., 377 F.3d 1244 (11th Cir. 2004) .................................................. 6
Nixon v. Warner Comm., Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1313, 55 L.Ed.2d 570 (1978) . 4
Odom v. Tri State Tree Serv., Inc., slip op. No. 3:10-cv-357-MCR-MD (N.D. Fla. Mar. 7, 2011) ............................................................................................................................................ 5
Starzyk v. Fontainebleau Fla Hotel, LLC, slip op. No. 10-cv-20539- KMM (S.D.Fla. Aug. 16, 2010) .................................................................................................................................. 5
Suda v. Sushiden Corp., Slip Copy, 2011 WL 1210206 (S.D.N.Y.,2011.) ................................... 3
U.S. v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ................................................................. 3, 4

**Statutes**

28 U.S.C. § 636(b) (1) ................................................................................................................... 2
29 U.S.C. § 216 .............................................................................................................................. 7
29 U.S.C. § 216(b) ......................................................................................................................... 5
5 U.S.C. 552(b) (4) ........................................................................................................................ 5

**OBJECTION**

1. Whether the District Court should adopt the recommendation to unseal the settlement agreement between the parties where both parties consent to seal the document, where any member of the public can prospectively, move the Court to unseal the document, and where other District Courts in the FLSA context have approved either a total seal of the settlement agreement sine die, a temporary seal for a number of years, or a partial seal of the settlement amounts in the settlement agreement, and when unsealing a FLSA settlement document frustrates the Congressional intent of encouraging employers to enter wage claim settlement agreements by chilling such settlement discussions.

**PRELIMINARY STATEMENT**

Pursuant to 28 U.S.C. § 636(b) (1) and Rules 72(a) and 72(b) of the Federal Rules of Civil Procedure, Defendants respectfully submit this objection only to that portion of Magistrate Judge Pollak's August 19, 2011 Report and Recommendation (Docket No. 155)[1] that denied Defendants' motion, not opposed by the Plaintiffs' counsel, to totally seal the written settlement agreement between the parties[2]. The objection is filed to preserve Defendants' appellate rights and to facilitate settlement of this matter, as confidentiality of the terms of settlement is a material term of the settlement agreement. The Settlement Agreement is currently *in camera* with Judge Pollak and therefore not attached to this objection as this objection, once filed, will become a public record. Judge Pollak is currently considering Defendants' motion to partially seal the Settlement Agreement to redact the settlement amounts contained in the agreement. If Judge Pollak grants a partial seal sealing the total settlement amount and amounts paid to each Plaintiff and requiring disclosure of the remainder of the settlement agreement then the District Court's consideration of this objection may become moot. We suggest the Court follow the

---

[1] References to the 8/19/11 Report and Recommendation shall hereinafter be designated "Report, p. #".
[2] Hereinafter the "Settlement Agreement".

1

reasoning of District Judge Koeltl in Suda v. Sushiden Corp., Slip Copy, 2011 WL 1210206 (S.D.N.Y.,2011.)(Court allowed partial seal of FLSA), citing U.S. v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (containing balancing test for sealing judicial documents and sealing records. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." ) and allow at least a limited seal of the Settlement Agreement's terms. The Amodeo balancing test favors sealing the document as the public policy of allowing access to settlement terms is outweighed by the Congressional Public policy, set forth in the legislative history when Congress amended Section 216 of the FLSA, of encouraging employers to settle and not litigate wage claims. Other District Courts have permitted a total seal of FLSA settlements.

**FACTS**

For the purposes of this motion the facts are as set forth in the 8/19/11 Report and Recommendation which, for brevity's sake, are incorporated by reference herein and not repeated.

**DISCUSSION**

***Requiring Publication of Private FLSA Settlement Agreements Frustrates' Congress' Public Policy Objective of Encouraging the Prompt Settlement of Wage Claims***

We respectfully disagree with the Report's conclusion that sealing is inappropriate on the grounds "there is a general public interest in the content of documents upon which a court's decision is based" and "the public has an independent interest in assuring that employees wages are fair". Report, p. 5. Privately negotiated settlement agreements are not judicial documents

2
--

and typically are not disclosed. The policy of assuring fair wages to employees is protected where, as here, the employees are represented by competent counsel and the Court reviews the Settlement Agreement. The Supreme Court in <u>Nixon</u> acknowledged sealing is appropriate in certain circumstances, dismissing disclosure solely for satisfying the interest of the public in reviewing court supervised settlements. "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 599, 98 S.Ct. 1306, 1313, 55 L.Ed.2d 570 (1978); <u>cf.</u> <u>United States v. Amodeo</u>, 71 F.3d 1044, 1053 (2d Cir.1995) (holding that district court abused its discretion by unsealing record). The Supreme Court in <u>Nixon</u> held there is no inherent First Amendment right of the press or Sixth Amendment right of public to access to documents in a judicial proceeding, and it is the District Court's duty to weigh all of the factors regarding whether to seal a document, and within that Court's discretion to determine whether a seal of records is appropriate and the scope of the seal.

　　　　While public policy favors disclosure of judicial documents and proceedings, there is no statutory or federal common law requirement to make a settlement agreement public, even if that agreement settles a concomitant judicial proceeding. A wage claim settlement agreement, which is not a court finding or court opinion or court document until it is submitted to the Court for approval, can and often is kept private by the parties in Fair Labor Standards Act and state law actions, with the employer thereby assuming the risk that such an agreement is not a binding release against future claims by employees under Section 216(b) of the Act. In such a case there is no "public right" to view any such settlement agreement that is not Court supervised.

Similarly, where an employer seeks to voluntarily settle wage claims and submits, pursuant to 29 U.S.C. § 216(b), the settlement to the U.S. Department of Labor ("USDOL") for supervision so as to obtain a binding release from the employee for any wage claim, there is no public right to inspect the settlement agreement approved by the USDOL[3].

Some Courts have permitted filing the settlement agreement under seal. In one action the court held:

> The proposed settlement was voluntarily entered at arm's length between parties represented by competent attorneys and that the settlement is a fair and reasonable resolution of the parties' bona fide dispute under the Fair Labor Standards Act … the clerk must remove from the docket the sealed settlement agreement.

See Kearce v. Bing Top Trampoline, Inc., slip op. No. 4:10-cv-140-RH-WCS (N.D. Fla. Aug. 17, 2010). Other Courts have also allowed parties to obtain a Court supervise release without filing the settlement agreement or, if filing occurs, allowing a sealing of the settlement agreement. See, e.g., Odom v. Tri State Tree Serv., Inc., slip op. No. 3:10-cv-357-MCR-MD (N.D. Fla. Mar. 7, 2011); Buscemi v. The Kroger Co. of Ohio, slip op. No. 3:10-cv-00078-RV-EMT (N.D. Fla. Nov. 5, 2010); Brown v. McDonald and Co. Ins. Agency, Inc., slip op. 5:10-cv-232-Oc-10GRJ (M.D. Fla. Oct. 13, 2010); Starzyk v. Fontainebleau Fla Hotel, LLC, slip op. No. 10-cv-20539- KMM (S.D.Fla. Aug. 16, 2010).

Because of the nature of settlement payments often having no bearing whatsoever on the merits of the underlying dispute, disclosure of the settlement amounts does nothing to further the

---

[3] FOIA Exemption 4, 5 U.S.C. 552(b) (4) prohibits "commercial confidential information" from being disclosed to other parties except as required for a judicial proceeding. The exemption exists for Commercial Confidential Information. The exemption applies to privileged and financial information including information relating to regulatory matters and ongoing litigation. Courts have recognized the harm to a submitter by the release of the above described information. See e.g. Gulf & Western Industries, Inc., 615 F.2d 527 (D.C. Cir. 1979).

4
--

public policy of insuring employees are paid a proper wage. In the FLSA context, the rationale for disclosure of a settlement agreement is not to insure that an employer has paid the proper wages to its employees, but for the public to have an opportunity to "determine whether the Court is properly fulfilling its duties when it approves a FLSA agreement." Baker v. Dolgencorp, Inc., --- F.Supp.2d ----, 2011 WL 166257 at *2 (E.D.Va. 2011). Defendants' respectfully submit a sealing of the settlement agreement accomplishes both the objective of encouraging settlement while still permitting the public to explore the reasoning of the Court in reaching the conclusion that the settlement is fair and reasonable. The public will still have access to the Report and Recommendation, which access is sufficient to allow the public to evaluate the reasoning of the Court in settling the FLSA action. Sealing of the settlement agreement also fosters the Congressional policy of encouraging employers to voluntarily settle wage claims. Congress, in amending Section 216 (c) of the Fair Labor Standards Act to allow an employer to settle a FLSA claim under supervision via Court or the USDOL and obtain a release of attorneys' fees and liquidated damages claims, set forth an additional public policy consideration of encouraging employers to voluntarily settle their wage claims with employees, by providing an environment where employers could insure that their liability would be limited to the amount of wages due. The U.S. Department of Labor previously emphasized the importance of avoiding rulemaking that would provide a disincentive for employers to enter settlement agreements, stating such disincentives "would necessarily increase litigation". See Amicus Curiae Brief of the Secretary of Labor in Niland v. Delta Recycling Corp ., 377 F.3d 1244 (11th Cir. 2004) (http://www.dol.gov/sol/media/briefs/delta-1-04.htm). In that brief the Department of Labor

quoted the legislative history of the amendment to 29 U.S.C. § 216 to permit a release of liquidated damages and attorneys' fees:

> Prior to 1949, Wage-Hour had followed a policy "in cases which it did not believe justified litigation, of requesting employers to make voluntary restitution to employees affected [by] unpaid minimum wages or overtime compensation due under the [A]ct." S. Rep. 81-640, reprinted in 1949 U.S.C.C.A.N. 2241, 2248. Instances of voluntary restitution by employers, however, had declined during the three years preceding the 1949 FLSA amendments. In explaining the reasons for the decline, the Senate Committee on Labor and Public Welfare recognized that it was difficult, if not impossible, for the Department to collect back wages short of litigation, unless employers knew that the payment to an employee under a settlement with the Department of Labor would satisfy its liability. As stated in the Committee report:
>
> > Undoubtedly one of the most important of these [reasons for the decline of voluntary restitution] is the fact that an employer who pays back wages which he withheld in violation of the [A]ct has no assurance that he will not be sued for an equivalent amount plus attorney's fees under the provisions of section 16(b) of the [A]ct. One of the principal effects of the committee proposal will be to assure employers who pay back wages in full under the supervision of the Wage and Hour Division that they need not worry about the possibility of suits for liquidated damages and attorney's fees.

S. Rep. 81-640, reprinted in 1949 U.S.C.C.A.N., 2249. The Senate Committee agreed with the Report of the House Committee on Education and Labor that the amendment "is essential to the equitable enforcement of the provisions of the [A]ct and that it should be welcomed by fair-minded employers who wish to make restitution for perhaps unwitting violations of the [A]ct by encouraging them to do so in such a manner to insure that their liability will be limited to the amount of wages due." Id. Similar public policy considerations, e.g. permitting an employer who settles to avoid collateral damages, apply in the instant action. Since disallowing confidential settlements of wage claims provides a disincentive for employers to settle and results in increased wage claim litigation, there is a public policy consideration in reducing

litigation and promoting voluntary settlements in wage claims which is thwarted by denying parties their right to file a sealed settlement document. The concern for insuring wage settlements are fair is alleviated in this instance, where plaintiffs all consent to the settlement, are represented by competent counsel, and the Court has reviewed the entire settlement agreement *in camera*, found the agreement to be fair and reasonable, and set forth its reasoning on why the agreement is fair and reasonable in a publicly available document, the Report and Recommendation. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 827(allowing sealing of court records where "the opinions of both this court and the district court, which are not under seal, discuss the facts"). The settlement amount is not based on a determination of wage deficiency. It is arrived at by the parties weighing *ad hoc* the costs required to avoid the risks (both expense and liability risk) of litigation. Courts have previously allowed partial sealing of court records even in situations where an arbitrator has found violations of federal statutes. See e.g. DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818 (2d Cir. 1997) (affirming total seal of court records by district court where arbitrator had found employer violated federal statute). The seal is more justified where, as here, there has been no finding of wrongdoing. The public might have an interest in a Court finding of liability but should have no interest in what a party is willing to pay to avoid litigation irrespective of the merits or lack thereof of any lawsuit claims. Additionally, the privacy interests of the Plaintiffs in keeping their pay confidential outweigh the public's right to know how the settlement amount was parsed.

      Access to the file should also be restricted to the Clerk's office and not the internet. This is no different from the current state of ECF filing, where the general public lacks access to the

internet site but can go directly to the Clerk's office to review the file. Additional access by internet does nothing to foster the policy of public access to the litigation documents.

*Good Cause Exists for Sealing the Settlement Agreement at Least for a Set Time Period*

Where, as here, Defendants establish good cause for sealing the settlement agreement, to wit, that sealing the agreement will facilitate any prospective wage claim negotiations, other courts have ordered a seal of the settlement for a period of years to facilitate such settlement. The Court in Murphy v. Dolgencorp, Inc., Slip Copy, 2010 WL 4261310 (W.D.Va. 2010) held that this concern justified a limited two year seal of the settlement agreement. The Murphy Court ultimately concluded that the relevance of disclosing the settlement figures was outweighed by the prejudice such disclosure may cause to future settlement discussions. Defendants have employees at other restaurant locations and the avoidance of strike suits from those employees, providing time for the Defendants to audit their payroll and determine any wage violations, as well as the consummation of the instant settlement agreement and avoidance of litigation herein, provide good cause for sealing the document. Defendants maintain that the confidentiality provision set forth in the settlement agreement is a material term to this settlement agreement. If confidentiality is not allowed by the Court then the settlement agreement may not ensue which would lead to costly litigation for both parties, a continued burden on this Court's docket and, perhaps most importantly, a probable long delay to Plaintiffs in receiving any wages they would otherwise immediately receive through the settlement. Keeping the agreement confidential will also permit the parties, if future wage claims arise, to focus on the merits of any future individual claim. Federal courts make this analysis routinely under FRCP 403. The settlement figures just are not relevant to any future litigation, as they do not make it more likely than not that a settling

8
--

employer has violated wage laws. In Murphy other active wage lawsuits against the employer were pending. Arguably sealing is more justified here where no such actions are pending, as there is no pending evidentiary issue to address in any legal proceeding. As the Court in Murphy noted, the determination of FLSA violations and exemptions applying thereto is a fact intensive *sui generis* inquiry. Disclosing settlement agreements does nothing to protect the rights of future wage claim litigants and does nothing to increase the public's confidence in the federal judiciary. Disclosure of the FLSA private settlement hinders Congressional policy of encouraging employers to avoid litigation and promptly settle wage claims.

**CONCLUSION**

For the foregoing reasons the Defendants respectfully request the Court seal the Settlement Agreement. If the Court in its discretion declines to seal the Settlement Agreement *sine die*, then the Defendants request the Court seal the Settlement Agreement for a minimum of two years. If the Court in its discretion chooses not to seal the Settlement Agreement, Defendants request a partial seal of the total aggregate amount of payments made under the Settlement

Agreement, the attorneys' fees paid, and the amounts paid to each Plaintiff, together with such other and further relief as the Court may deem just and proper.

White Plains, New York
September 2, 2011

          Respectfully submitted,


          _____/s/Christopher A. Smith_____
          **TRIVELLA & FORTE, LLP**
          Attorneys for the Defendants
          by: Christopher A. Smith, Of Counsel (CS 9014)
          1311 Mamaroneck Avenue, Suite 170
          White Plains, New York 10605
          (914) 949-9075/949-4752(facsimile)