UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ABDELLAH BOUZZI, et al., on behalf
of themselves individually and on behalf
of all other similarly situated employees,

                                          **SUPPLEMENTAL REPORT & RECOMMENDATION**

                     Plaintiffs,

                                        10 CV 457 (DLI)

    - against -

F&J PINE RESTAURANT, et al.,

                 Defendants.
----------------------------------------------------X

On February 3, 2010, plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, and Mario Ramalez brought this action on behalf of themselves and all others similarly situated against defendants F & J Pine Restaurant Group, Charles Rose, Anthony Bastone, and five unnamed defendants.[1] Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law § 190 et seq., seeking damages for "the wages they earned but which Defendants failed to pay." (Am. Compl.[2] ¶ 2).

Presently pending before the Court is a request to redact the monetary figures from the

---

[1]On January 18, 2011, plaintiffs filed an Amended Complaint, adding a number of parties to the action.

[2]Citations to "Am. Compl." refer to the Amended Complaint, which was filed on January 18, 2011.

proposed settlement agreement. After considering defendants' arguments,[3] the Court respectfully recommends that defendants' request be denied.

## FACTUAL BACKGROUND

The factual background of this case is set forth more fully in this Court's Report and Recommendation, dated August 19, 2011. For purposes of this application, the Court has recited only the most pertinent facts.

Plaintiffs worked as waiters, busboys, barbacks, runners, and cooks at two restaurants operated by defendants in Queens and the Bronx. (Am. Compl. ¶¶ 1, 8). Plaintiffs allege that during the time they were employed by defendants, defendants failed to pay federal and state minimum wage and overtime premiums, failed to pay spread of hours premium, confiscated plaintiffs' tips, and failed to compensate plaintiffs for the costs of their uniforms. (Id.)

Plaintiffs filed this action on February 3, 2010, and moved for preliminary certification of their FLSA claims as a collective action on February 11, 2011. On July 5, 2011, the parties notified the Court that they had reached a settlement and requested that the settlement agreement be filed under seal.

Upon referral from the district court, this Court issued a Report and Recommendation on August 19, 2011, which recommended that the settlement be approved as fair and reasonable, but which also recommended that the district court deny the request to file the settlement agreement under seal. The parties were given until August 26, 2011 to file supplemental briefing on the

---

[3]By letter dated August 29, 2011, plaintiffs indicated that they had no objection to the defendants' request to file the settlement agreement with the figures redacted.

issue of whether the dollar amounts in the settlement agreement could be redacted. On August 26, 2011, defendants filed a letter requesting that the Court authorize the redaction of dollar amounts from the settlement agreement. After considering defendants' arguments, the Court respectfully recommends that the motion to file the agreement in redacted form be denied.

## DISCUSSION

When the parties originally requested that the Court seal the entire settlement agreement, they provided three justifications. They argued that: "(1) confidentiality is a material condition of the settlement agreement without which settlement will not be feasible[;] (2) public disclosure of the terms of the settlement may harm Defendant by encouraging other lawsuits[;] and (3) sealing will minimize the possibility of manipulation of the settlement process." (Defs.' Let.[4] at 4). The Court found these arguments unconvincing, noting that the concerns were not sufficiently weighty to overcome the presumption of public access, and that such concerns had largely been rejected by previous courts. (R&R[5] at 4-8).

In support of the parties' request that the Court allow the parties to redact only the monetary figures contained in the settlement agreement, defendants appear to raise a number of arguments, only three of which are relevant to the issue of sealing only the dollar amounts in the settlement agreement:[6] 1) the dollar amounts are not necessary for the public to adequately

---

[4]Citations to "Defs.' Let." refers to the letter motion filed by defendants on July 18, 2011.

[5]Citations to "R&R" refer to the Report and Recommendation issued by this Court on August 19, 2011.

[6]Although the defendants' letter does not explicitly request reconsideration of the Court's recommendation that the entire agreement not be filed under seal, many of the other arguments

3

review the Court's reasoning in approving the settlement; 2) sealing the dollar amounts would foster the public interest in encouraging settlements; and 3) the plaintiffs' individual privacy interests outweighs the public interest in access. The Court addresses each argument in turn.

1) Exploring the Reasoning of the Court

Defendants contend that "[b]ecause the nature of settlement payments often having [*sic*] no bearing whatsoever on the merits of the underlying dispute, disclosure of the settlement amounts does nothing to further the public policy of insuring employees are paid a proper wage." (Defs.' 8/26/2011 Let.[7] at 2). As a result, defendants argue, a partial sealing would still allow "the public to explore the reasoning of the Court in reaching the conclusion that the settlement is fair and reasonable." (Id.)

This argument is faulty for two reasons: first, it assumes that the sole justification for keeping FLSA settlements public is to allow the public an opportunity to "determine whether the Court is properly fulfilling its duties when it approves a FLSA agreement." (Id. (quoting Baker v. Dolgencorp., Inc., No. 10 CV 199, 2011 WL 166257, at *2 (E.D. Va. Jan. 19, 2011))). As

---

raised seem to bear more directly on that issue than on the question of redaction. For instance, defendants argue that "there is no statutory or federal common law requirement to make a settlement agreement public, even if that agreement settles a concomitant judicial proceeding." (Defs.' 8/26/2011 Let. at 1). Such arguments were addressed–and rejected–in this Court's Report and Recommendation issued on August 19, 2011. Defendants also include with their letter the opinions of other courts which allowed parties to file FLSA settlement agreements under seal. These opinions do not explain the courts' reasoning in doing so, and are therefore unpersuasive in the face of numerous cases discussing the presumption of public access to FLSA settlement agreements.

[7]Citations to "Defs.' 8/26/2011 Let." refer to defendants' letter motion filed on August 26, 2011.

4

discussed in the Court's earlier Report and Recommendation, there are two primary reasons for the public filing of FLSA settlements. "First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." Hens v. Clientlogic Operating Corp., No. 05 CV 381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (citing Jessup v. Luther, 277 F.3d 929, 929-30 (7th Cir. 2002)). "Second is the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees['] wages are fair and thus do not endanger 'the national health and well-being.'" Id. (quoting Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003)). Therefore, the public's "independent interest" in ensuring that employees are paid fair wages militates in favor of making FLSA settlement agreements public.

Second, the argument assumes that a court's reasoning can be adequately assessed without knowledge of the dollar amounts received by plaintiffs. When the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to fairness nor can the public assess whether the rights sought to be protected by the FLSA are furthered by the settlement  If, for instance, an employee claimed that he was owed $100,000, and he settled for $80,000, one could reasonably conclude that the settlement was the result of fair, arms-length negotiation, and that the purpose of the statute in vindicating an employee's rights was fulfilled. On the other hand, if an employee brought an FLSA action claiming that he was owed $100,000 and under the settlement the employee received only $1,000, one might question the Court's conclusion that the deal was fair in light of the plaintiffs' claims.

Courts considering the question of redaction in the context of settlement agreements under the FLSA have come to similar conclusions. In Miles v. Ruby Tuesday, Inc., for example, the court explicitly rejected the parties' request that the court not disclose the monetary figures of a settlement because doing so "would not enable the public to evaluate the merits of the approval decision because the settlement terms and amounts would not be disclosed." No. 11 CV 135, 2011 WL 2962112, at *4 n. 11 (E.D. Va. July 20, 2011). The court stated: "Of course, the public cannot meaningfully review a court's decision to approve a settlement if the public does not have access to the terms of the settlement itself. Therefore, . . . the public does have a substantial interest in ensuring the right of access to the details of the parties' settlement, including the amounts paid in damages or personalties and attorneys' fees." Id. at *4; see also Prater v. Commerce Equities Mgmt. Co., Inc., No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (denying motion to seal settlement agreement because "[t]he public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality").

Accordingly, the Court finds defendants' argument that the settlement amounts have no bearing on the underlying dispute to be unconvincing.

2) Public Interest in Settlement

In further support of their request to seal only the dollar amounts contained in the settlement, defendants note that "disclosure of the settlement amounts does nothing to further the public policy of insuring [that] employees are paid a proper wage." (Defs.' 8/26/2011 Let. at 2). Therefore, "a partial sealing of the settlement agreement, by redacting the total amount paid and

6

the amount paid to each employee, accomplishes both the objective of encouraging settlement while still permitting the public to explore the reasoning of the Court in reaching the conclusion that the settlement is fair and reasonable." (Id.)

The Court finds this argument unavailing for two reasons. First, a settlement agreement with dollar amounts redacted impedes the ability of the public to adequately assess the reasoning of the Court. (See discussion supra at 5). Second, this argument has been made and rejected in numerous cases involving FLSA settlements. When courts are faced with the choice between public access to FLSA settlement agreements and fostering settlement generally, courts have routinely chosen to prioritize public access. See Hens v. Clientlogic Operating Corp., No. 05 CV 381S, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010) (collecting cases); see also Baker v. Dolgencorp, Inc., No. 10 cv 199, 2011 WL 166257, at *3 (E.D. Va. Jan. 19, 2011); Tabor v. Fox, No. 09 CV 338, 2010 WL 2509907, at *2 (E.D.N.C. June 17, 2010); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010); In re Sepracor Inc. Fair Labor Standards Act Litigation, MDL No. 2039, 2009 WL 3253947, at *1 (D. Ariz. Oct. 8, 2009).

Accordingly, the Court finds this argument to be unconvincing.

3) Plaintiffs' Privacy Interests Support a Partial Seal

Defendants contend that "the privacy interests of Plaintiffs in keeping their pay confidential outweighs the public's right to know how the settlement amount was parsed." (Defs.' 8/26/2011 Let. at 4). Defendants have neither cited cases which support their position nor proffered facts which would justify their concern. Plaintiffs, in their letter dated August 29, 2011, do not mention any privacy concerns and offer no argument in support of defendants'

7

position. Accordingly, the Court finds this argument unconvincing.

## CONCLUSION

After considering all of defendants' arguments in support of redacting the monetary amounts from the settlement agreement, the Court respectfully recommends that defendants' motion be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 22, 2011

/s/
Cheryl L. Pollak
United States Magistrate Judge

8