UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ABDELLAH BOUZZI, *et al.*, on behalf of          :
themselves individually and on behalf of all       :
other similarly situated employees,                      :            **MEMORANDUM AND ORDER**
                                                                             :            **ADOPTING REPORT AND**
                          Plaintiffs,                               :            **RECOMMENDATION AND**
                                                                             :            **SUPPLEMENTAL REPORT**
                   -against-                                      :            **AND RECOMMENDATION**
                                                                             :
F&J PINE RESTAURANT, LLC, *et al.*,            :            10-CV-0457 (DLI) (CLP)
                                                                             :
                          Defendants.                         :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

On February 3, 2010, plaintiffs Abdellah Bouzzi, Luis Guaman, Raul Echevarria, Yolanda Castro, and Mario Ramalez (collectively "Plaintiffs") brought this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 190 *et seq.*, on behalf of themselves and all others similarly situated, against defendants F & J Pine Restaurant Group, Charles Rose, Anthony Bastone, and five unnamed defendants (collectively "Defendants"), seeking damages for unpaid wages.  (*See* Docket Entry No. 77, Amended Complaint.)  On July 5, 2011, the parties informed the court that they had reached a tentative settlement of the matter.  On July 6, 2011, the court referred the determination of the reasonableness of the proposed settlement agreement to United States Magistrate Judge Cheryl L. Pollak.  On July 18, 2011, Defendants moved to file the proposed settlement agreement under seal.  (*See* Docket Entry No. 152.)  Plaintiffs did not oppose Defendants' motion. (*See* Docket Entry No. 153.)

After an *in camera* review of the proposed settlement agreement, the magistrate judge issued a Report and Recommendation ("R & R"),[1] dated August 19, 2011, recommending the settlement agreement be approved as fair and reasonable. However, the magistrate judge concluded the parties failed to overcome the presumption of public access generally accorded to FLSA settlements and, therefore, recommended that the motion to file the settlement agreement under seal be denied. (R & R at 8.) Further, as part of the R & R, the magistrate judge gave the parties leave to submit additional authority in support of Defendants' alternative request to seal the settlement agreement partially. (*Id.*)

On August 26, 2011, Defendants formally moved to seal the settlement agreement partially and provided additional argument in support of the motion. (*See* Docket Entry No. 156.) On September 2, 2011, Defendants objected to the portion of the R & R that recommended the settlement agreement not be filed under seal. (*See* Docket Entry No. 160, Defendants' Objection to that Part of the 8/19/11 Report and Recommendation Denying Defendants' Unopposed Motion to Seal the Settlement Agreement ("Def. Obj.").) On September 23, 2011, the magistrate judge issued a Supplemental Report and Recommendation ("Supp. R & R"), recommending Defendants' motion to seal the settlement agreement partially also be denied. No objections were filed to the Supp. R & R. For the reasons set forth below, the R & R and the Supp. R & R are adopted in their entirety. Accordingly, the FLSA settlement agreement is approved as fair and reasonable and Defendants' motions to file the agreement under seal, either in whole or in part, are denied.

---

[1] Familiarity with the R & R, as well as the procedural history and relevant facts of this case, is assumed. (*See generally* Docket Entry No. 155 ("R & R").)

**I.    Standard of Review**

Where a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). Portions of the R & R to which the parties have not objected are reviewed for clear error. *See Orellana v. World Courier, Inc.*, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

**II.    Discussion**

    **A.  Presumption of Public Access**

Defendants, while largely ignoring the body of case law recognizing that the common law right of public access attaches to judicially supervised FLSA settlements, object to the magistrate judge's conclusion that the FLSA settlement agreement should not be filed under seal, either in whole or in part. (Def. Obj. at 2 (citing R & R at 5).) Defendants' objection is meritless.

Defendants, in their objection, failed to address or distinguish the abundant case law issued by district courts of this circuit which: 1) set forth the policy considerations animating the presumption of public access that attaches to FLSA settlements; 2) indicate the substantial showing a party must meet in overcoming this presumption; and 3) have overwhelmingly denied similar requests to seal FLSA settlement agreements. *See, e.g, Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d  643 (S.D.N.Y. 2011); *Mosquera v. Masada Auto Sales, Ltd.*, 2011 WL 282327 (E.D.N.Y. Jan. 25, 2011); *Cortes v. Skytop Restaurant, Inc.*, 2010 WL 4910242 (S.D.N.Y. Nov. 17, 2010); *Hens v. Clientlogic Operating Corp*., 2010 WL 4340919 (W.D.N.Y. Nov. 2, 2010);

*Xue Lian Lin v. Comprehensive Health Mgmt.*, 2009 WL 2223063 (S.D.N.Y. July 23, 2009); *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 (E.D.N.Y. March 13, 2008). Defendants instead suggest this court should be persuaded to seal the instant settlement by a number of slip opinions from district courts in the districts of Florida. These slip opinions have no precedential value as they are unpublished and unavailable on Westlaw. Further, some of them are no more that short ECF entries and none of them provide any reason or justification for their decision to seal FLSA settlements. (*See* Def. Obj. at 4.) District courts in this circuit, as well as in others, have declined to follow cases that granted requests to seal FLSA settlements but failed to provide reasons or authority for so doing. *See Joo*, 763 F. Supp. 2d at 645-46; *Hens*, 2010 WL 4340919, at *3; *see also Kianpour v. Restaurant Zone, Inc.*, 2011 WL 3880463, at *2 (D.Md. Aug. 30, 2011). This court joins these district courts and, especially in light of the more developed case law, declines to follow the cases cited by Defendants as authority for sealing the instant settlement agreement.

Defendants imply throughout their objection, without justification or appropriate citation to legal authority, that the instant FLSA settlement agreement submitted to the court for judicial approval is "private" in nature. (*See* Def. Obj. at 2, 9.) While most settlement agreements are private, and, therefore, are not judicial documents subject to a presumption of public access, "FLSA cases are different." *Hens*, 2010 WL 4340919, at *2. The FLSA imposes "strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver." *Mosquera*, 2011 WL 282327, at *1 (quoting *Le*, 2008 WL 724155, at *1). Accordingly, under the FLSA, an employee may not waive or settle claims for unpaid wages unless the settlement is: (1) supervised by the Secretary of Labor or (2) judicially stipulated and approved. *Joo*, 763 F. Supp. 2d at 644; *Martinez v. Ragtime Foods of New York,*

4

*Inc.*, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011); *Mosquera*, 2011 WL 282327, at *1; *Le,* 2008 WL 724155, at *1; *see also* 29 U.S.C. § 216(c); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946).

Where, as here, the FLSA settlement is submitted to the court for approval, the approval process is a judicial act. Consequently, the settlement agreement is a judicial document to which the presumption of public access attaches. *Joo*, 763 F. Supp. 2d at 644; *Cepeda v. 251 Realty LLC*, 2011 WL 5402917, at *1 (E.D.N.Y. Nov. 8, 2011); *Mosquera*, 2011 WL 282327, at *2; *Xue Lian Lin*, 2009 WL 2223063, at *1; *see also Hens*, 2010 WL 4340919, at *2 ("Numerous circuit and district courts have concluded that a settlement agreement submitted to the court for consideration and approval is a judicial record and, thus, the presumption of public access attaches."); *Baker v. Dolgencorp, Inc.,* ⎯⎯ F. Supp. 2d ⎯⎯, 2011 WL 166257, at *2 (E.D.Va. 2011) ("It is undisputed that an FLSA settlement agreement, submitted to a court for judicial approval, is a judicial record that triggers the common law right of public access."). As such, "there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view[.]" *Hens*, 2010 WL 4340919, at *2 (citations and internal quotation marks omitted).

There are two independent grounds upon which the presumption of public access attaches to FLSA settlement agreements. "First is the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Id*. (citing *Jessup v. Luther*, 277 F. 3d 926, 929–30 (7th Cir. 2002) (Posner, J.)). "Second is the 'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees wages are fair and thus do not endanger the national health and well-being.'" *Id*. (citing *Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260,

5

1263–64 (M.D.Ala. 2003) (internal quotation marks omitted)). Thus, a judicially approved FLSA settlement agreement should not be filed under seal, except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents. *See Joo*, 763 F. Supp. 2d at 647; *see also Mosquera*, 2011 WL 282327, at *2. Defendants fail to make such a substantial showing here.

Defendants offer three unsupported reasons why the instant agreement should be sealed: 1) confidentiality is a material term of the settlement agreement; 2) absent sealing, an agreement may not be reached and costly litigation will ensue; and 3) the privacy interests of Plaintiffs in keeping their pay confidential. (*See* Def. Obj. at 1, 7, 8.) None of Defendants' reasons are persuasive. First, courts in the circuit, having encountered the oft repeated argument that confidentiality is a material term of settlement as a justification for sealing an FLSA agreement, "have roundly rejected it." *See Joo*, 763 F. Supp. 2d at 648 (collecting cases). Second, the parties' interest in avoiding FLSA litigation is also insufficient to overcome the presumption of public access to the FLSA settlement agreement. *Martinez*, 2011 WL 5508972, at *2 (citing *Hens,* 2010 WL 4340919, at *4). Third, Defendants provide no indicia of evidence or argument to justify their assertion that Plaintiffs' privacy interest outweighs the presumption of public access. In the context of FLSA settlement agreements, "[c]onclusory suppositions are insufficient to justify sealing." *Hens*, 2010 WL 4340919, at *3; *see also Xue Lian Lin*, 2009 WL 2223063, at *1 ("Conclusory statements in a memorandum of law are insufficient to overcome the presumption of access."). Further, a party's "mere interest in maintaining the privacy of the terms of settlement does not constitute a countervailing interest sufficient to rebut the presumption of public access to judicial records, especially when parties are not required to

resolve FLSA claims in court." *Baker*, 2011 WL 166257, at *3. Accordingly, Defendants have not shown the parties' interest in nondisclosure of the judicially approved FLSA settlement agreement outweighs the public's right to access the judicial document.

### B. Confidentiality Contravenes the Legislative Intent of the FLSA

Instead of addressing the factors underlying the presumption of public access that attaches to judicially supervised FLSA agreements, Defendants offer the novel argument that unsealing an FLSA settlement agreement frustrates Congress' intent of encouraging employers to enter wage settlements, because such disclosure chills settlement discussions. (*See* Def. Obj. at 2-8.) Thus, in Defendants' view, allowing FLSA settlements to remain confidential is necessary to effectuate this Congressional intent. (*See* Def. Obj. at 6-7.) Defendants' assertion is meritless.

Defendants are correct in that part of the legislative intent of the FLSA is to encourage employers to enter into wage settlements; however, confidentiality is not the means by which the FLSA encourages settlements. To the contrary, confidentiality *contravenes* the legislative intent of the FLSA. *See, e.g., Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1242 (M.D.Fla. 2010)) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."); *see also Mosquera*, 2011 WL 282327, at *1 (collecting cases and noting that "[a]s a corollary to the fear that employers [will] coerce employees into settlement and waiver, several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions." (internal citation and quotation marks omitted)).

Rather than rely on confidentiality, Congress' intent was to encourage FLSA settlements with the waiver provision found in 29 U.S.C. § 216(c), which grants an enforceable release to employers from any right an employee may have to unpaid minimum wages, unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved. *See Manning v. New York University*, 2001 WL 963982, at *11 (S.D.N.Y. Aug. 22, 2001) (citing *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F. 2d 537, 539 (5th Cir. 1977)) ("[Section 216(c)] was intended to create an incentive for employers to accept voluntarily settlements supervised by the Secretary of Labor."); *see also Dees*, 706 F. Supp. 2d at 1238 (noting that, if parties to an FLSA dispute propose a settlement approved by the district court, the employer obtains an enforceable release). Accordingly, Defendants' wholly unsupported argument that unsealing an FLSA settlement agreement frustrates the FLSA's legislative intent is rejected.

Defendants additionally argue that, while "the public has an interest in determining whether the Court is properly fulfilling its duties when it approves an FLSA settlement agreement," (Def. Obj. at 5 (quoting *Baker*, 2011 WL 166257, at *2)), this interest is satisfied here because the public has access to the Report and Recommendation, which determined the settlement agreement is fair. (*Id.* at 7.) Defendants' argument is dubious at best and ignores the "'private-public character' of employee rights under the FLSA, whereby the public has an 'independent interest in assuring that employees wages are fair and thus do not endanger the national health and well-being.'" *Hens*, 2010 WL 4340919, at *2 (citing *Stalnaker*, 293 F. Supp. 2d at 1263–64). The public cannot assess adequately the fairness of a wage settlement agreement without knowing the content of the agreement itself. Moreover, if the public cannot inspect the agreement for fairness, then the public certainly has no way to determine whether a

8

court has fulfilled its duty when it approves such an agreement. Accordingly, Defendants' motion to seal the settlement agreement *sine die* is denied.

### C. Temporary Seal

As an alternative, Defendants ask this court to seal the settlement for a finite period of time to facilitate possible future wage claim negotiations. (*See* Def. Obj. at 8.) Specifically, relying on *Murphy v. Dolgencorp, Inc.*, 2010 WL 4261310 (W.D.Va. Oct. 28, 2010), Defendants maintain that, because they have employees at other restaurant locations, there is good cause for a temporary sealing of the settlement as a means to avoid possible strike suits from those employees. (*Id.*) The court disagrees. *Murphy* is inapplicable to the instant matter and Defendants' hypothetical concern about possible future employee action does not outweigh the public's interest in access to judicial documents. Accordingly, the request to temporarily seal the settlement is denied.

In *Murphy*, the court found good cause to temporarily seal an FLSA settlement agreement because there were "approximately 800 similar cases pending against the defendant in . . . federal courts around the nation, in which all of the plaintiffs are represented by the same counsel." 2010 WL 4261310, at *1. As such, the court found that "keeping the terms of other settlements from each of these plaintiffs is beneficial in order to allow negotiations to concentrate on the specific merits of each individual case." *Id.* Here, Defendants have not provided the court with evidence of other cases, let alone many hundreds of other cases, pending against them that raise the same legitimate concern that the *Murphy* court had. Simply put, any future litigation against Defendants by their employees is purely speculative and the court finds this insufficient to outweigh the strong presumption of public access that attaches to FLSA settlement agreements. Moreover, as the magistrate judge here correctly noted, yielding to such speculative concerns

9

about future litigation would frustrate the purposes of the FLSA. (*See* R & R at 7 (citing *Hens*, 2010 WL 4340919, at *4).) While it is the case that an employee whose rights have been vindicated through the FLSA may inform and encourage other employees to do the same, "vindication of FLSA rights throughout the workplace is precisely the object Congress chose to preserve and foster through the FLSA." *Hens*, 2010 WL 4340919, at *4 (quoting *Dees*, 706 F. Supp. 2d at 1244). As such, "[p]reventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal." *Id.*

### III.   Conclusion

After *de novo* review of the portion of the R & R to which Defendants object, and after finding no clear error in the remainder of the R & R or the Supp. R & R, the court adopts both the R & R and the Supp. R & R in their entirety. Accordingly, the FLSA settlement agreement is approved as fair and reasonable and Defendants' motions to file the agreement under seal, in its entirety, partially, or temporarily, are denied.

SO ORDERED.

Dated: Brooklyn, New York
       January 11, 2012

/s/
DORA L. IRIZARRY
United States District Judge